In this suit, plaintiff is seeking damages for personal injuries, and medical expenses incurred thereby, arising from being struck by an automobile driven by defendant Thos. W. Dyer, on May 16, 1938, at 7:30 P.M., while he, plaintiff, was in the act of crossing State Highway 61, known as the Bayou Sara road or "Scenic Highway", at a point where said highway runs through Istrouma and Standard Heights, a short distance north of the City of Baton Rouge. The defendants are Thos. W. Dyer, the driver of the automobile, the Realty Service, Inc., Dyer's employer, and the Great American Indemnity Company, the public liability carrier of the Realty Service, Inc.
Plaintiff lives on the west side of State Highway No. 61, a paved highway of a width of 24 feet, which, at the point of *Page 434 
accident, runs north and south. Plaintiff had visited the home of his father-in-law situated on the east side of the said highway but a short distance north in order to obtain scraps for his dog. The defendant Dyer was traveling south towards the City of Baton Rouge, returning from a business mission of his employer. As plaintiff was returning to his home, and in the act of crossing the highway from east to west, he was struck by the left front fender and headlights of Dyer's automobile in the lane of traffic on the west side of the said highway, being the traffic lane of Dyer.
Plaintiff charges negligence on behalf of Dyer in the following manner, to wit: "(1) That he did not have the headlights of the said automobile turned on in spite of the darkness of the said highway; (2) that he was not keeping a proper lookout; (3) that if he had his headlights burning they were so deficient in illumination that he was thereby prevented from seeing your petitioner on the highway; (4) that he failed to avail himself of the last clear chance to avoid hitting your petitioner."
The defendants denied that Dyer was guilty of negligence in any manner, and averred that the sole and proximate cause of the accident was the negligence and carelessness and inattention of the plaintiff by his walking or running heedlessly out into the said highway, without observing the traffic conditions. The defendants further deny that Dyer had the last clear chance to avoid the accident in that plaintiff suddenly dashed from behind a stream of cars going north to cross the road in front of Dyer's car, and that he, Dyer, could not and did not see the plaintiff until plaintiff was a few feet in front of Dyer's car; that Dyer applied his brakes and did all within his power to avoid the accident, stopping a few feet south of the point of accident.
There was judgment below for the defendants dismissing plaintiff's suit. Plaintiff has appealed.
In the lower court the plaintiff relied principally on the charge of negligence on the part of Dyer in his operation of the automobile without his headlights burning. We make this statement relying on the trial judge's statement that, quoting from his written reasons for judgment, "The case considered in the light of the allegations of the petition in reference to this particular act of negligence on the part of defendant Dyer, and that admissions made by plaintiff while under cross-examination, leaves the court with the opinion that the whole case hinges upon the point of whether or not the car involved was being driven without lights at the time of the collision." After a thorough analysis of the testimony relative thereto, the trial judge came to the conclusion that the plaintiff had failed to prove that Dyer was driving without lights prior to and at the time of the accident; he came to the further conclusion that Dyer was and had been driving at a reasonable rate of speed, and was keeping a proper lookout. After a careful reading of the testimony in the case, we cannot find any manifest error in these findings of fact of the trial judge and further comment thereon seems unnecessary since in this court plaintiff is relying principally on the doctrine of last clear chance as enunciated in the case of Jackson v. Cook, 189 La. 860, 181 So. 195.
While the trial judge did not specifically discuss and pass on this feature of the case, yet he did find that the cause of the accident was the negligence of the plaintiff in walking rapidly across this highway without taking precautions.
In order that one may better understand the locus in quo, it may be best that we give a description thereof. The Bayou Sara, or Scenic Highway, is a paved road of 24 feet, and runs north and south. On the west thereof is a subdivision known as "Standard Heights", and on the east thereof is a subdivision known as "Istrouma". Both subdivisions are developed and thickly populated. Standard Heights has streets running into the "Bayou Sara" road, but not intersecting the same; likewise "Istrouma" subdivision has streets running into the highway. Plaintiff's residence faces the Bayou Sara road and is situated between Street "C", in Standard Heights, and the Standard Oil Refining Company's fence, being about 400 feet to the south of the fence and some 150 feet north of Street "C". The residence of plaintiff's father-in-law is at the southeast corner of Erie Street in "Istrouma", some 120 feet northeast of plaintiff's residence; and some 200 feet southeast of plaintiff's residence, Ontario Street in Istrouma intersects the Bayou Sara road.
Plaintiff had visited his father-in-law's residence for the purpose of obtaining scraps for his dog. After leaving his father-in-law's residence, he walked on the *Page 435 
east sidewalk of the Bayou Sara road to a point, or bridge, opposite his residence, or bridge. He states that he awaited the passing of two or three cars traveling north and after these cars had traveled some 300 to 500 feet, and after looking both north and south for on-coming traffic in either direction and perceiving none, within that distance, he proceeded to cross the highway in a regular walk. Dyer states that plaintiff dashed, or at least was walking rapidly across the highway from behind the last car going north and only noticed plaintiff at about the center line, some 6 feet away from him, and that he immediately applied his brakes, and that his left front fender and light struck the plaintiff but that he stopped immediately without running over plaintiff.
Plaintiff testified that it was not raining or misting at the time of the accident, but is contradicted by his own witnesses who state that it was raining or misting sufficiently to operate their windshield wipers. He is also contradicted by his witnesses who testify to the effect that they had entered the Bayou Sara road some 200 feet to the south, with their lights burning, and had seen him on the east side just before his attempt to cross the highway.
Plaintiff well knew that this highway was highly traveled and dangerous. He sought to cross at about the middle of a block, instead of at an intersection where an automobile driver could expect him. He was also negligent in his attempt to cross when he failed to see the car of Mrs. Tucker, his own witness, traveling north, and defendant's automobile and one immediately behind the latter going south. It is obvious that plaintiff was guilty of negligence which continued to the very moment of the accident.
In considering the question of last clear chance as set forth in Jackson v. Cook, supra, it becomes important to determine when Dyer saw or should have seen the plaintiff in his attempt to cross the highway. Dyer testified that he saw plaintiff right after meeting the last car going north, at which time plaintiff was at about the center strip at a distance of about 6 feet, and was attempting to negotiate the crossing in a hurry or fast walk; that he at once applied his brakes to such an extent that he stopped immediately, without running over the plaintiff. Dyer could not have seen the plaintiff any sooner on account of the automobile going north and cannot be charged with any negligence.
In any event, it must be remembered that the plaintiff was attempting to cross a highly traveled highway in or about the middle of intersections and Dyer had the right to assume that any individual so attempting to cross at such a point would be on the lookout for on-coming traffic; he, Dyer, would also have the right to assume that such an individual, upon reaching his lane of travel, would stop and not attempt to cross the highway in the face of on-coming traffic. There was nothing to indicate to Dyer that plaintiff was intoxicated, unable to take care of himself or otherwise unaware of his perilous position.
We have interpreted the last clear chance as enunciated by our Supreme Court, in the case of Jackson v. Cook, supra, to mean that before holding a motorist liable for failing to see that which he should have seen, it must be shown that there was something about the actions and conduct of the negligent person to indicate to the driver of an automobile or engineer of a train that such a negligent person was unaware of his perilous or dangerous position and would, for that reason, be unlikely to change his position. In other words, as stated by our brethren of the Orleans Court of Appeals, in Fontenot v. Freudenstein, 199 So. 677, 679, "This doctrine should not be called the doctrine of `discovered peril' because, as the Supreme Court has held, whether there has been an actual `discovery' of the peril of the plaintiff is of no importance. It should more properly be called the doctrine of `apparent peril' since its result is to hold the motorist liable not because he has failed to avoid striking a plaintiff whose peril has been `discovered', but because he has failed to see and to appreciate a peril which would have been apparent had he looked"; that is, the doctrine should not be called "the discovered peril", but instead the "apparent peril". Applying this doctrine to the case at bar, together with the reasons in the cases of Boissac v. Kleinpeter, La.App., 191 So. 157, and Jones v. American Mutual Liability Ins. Co., La.App., 189 So. 169, we are of the conclusion that the defendants are not liable.
For these reasons, the judgment appealed from is found to be correct and is therefore affirmed. *Page 436