HARDY, Judge.
This is an action, ex delicto, in which plaintiffs, father and mother of Bobby Will Flowers, seek to recover $35,000.00 as damages for the death of their said minor son alleged to have resulted from the negligence of the defendant.
The case was tried before a jury which returned a verdict for 'defendant, in accordance with which there was judgment rejecting plaintiffs’ demands, from which plaintiffs appeal.
The facts here involved, with one or two exceptions, are without serious contradiction. At about 7:45 P. M. on May 18, 1948, just at that time of day best described as “dusk-dark”, defendant was driving his 1948 Ford automobile south toward Shreveport on what is known as the New Moor-ingsport Road. At or very near the point of intersection with the Old Mooringsport Road defendant’s car struck Bobby Will Flowers, a fifteen year old youth, who died within approximately an hour, as the result of the injuries received. The unfortunate youth was a Junior in Fair Park High School in Shreveport and frequently worked in a grocery store in the City of Shreveport after school hours. He had been a passenger on a bus which had been proceeding north on the Old Mooringsport Road, and which had stopped at the intersection with the new road in order to permit young Flowers to disembark. The young fellow, at the time of the accident, was crossing the new road from east to west, being engaged in making his way to what is known as the Newton Store which was located on the west side of the intersection, where it was his custom to wait for his mother or father to call for him for the purpose of conveying him to the family home some mile or so distant.
According to the testimony of defendant, who was the only direct eyewitness to all of the circumstances surrounding the accident, he was driving at a speed of some 50 to 55 miles per 'hour with his dimmer headlights burning because of the fact that he had passed another automobile proceeding in the opposite direction and had cut hi-s lights from bright to dim. The testimony as to his rate of speed and the burning headlights is amply corroborated by other witnesses. Defendant testified that young Flowers suddenly appeared in the beam o-f his lights when he was at a distance of approximately forty feet, whereupon defendant immediately applied hi-s brakes and swerved sharply to the left. The boy, whose position was located as being at or about the center of the highway, suddenly confronted with the imminence of danger, immediately turned to Inis left, reversing his direction, and, according to defendant’s testimony, appeared to jump. In view of the fact that defendant had swerved to the left this action on the part of the boy instead of throwing him out of the path of the automobile brought him directly in front of the vehicle, and 'he was struck almost full by the center of the front of the car, and hi-s body hung suspended on the front grill and hood until the speed of the vehicle had been appreciably decreased. The boy’s body dropped off the automobile and fell on the left hand shoulder, partly in the ditch adjacent to the road at a spot some sixty feet from the point of impact. Defendant, in order to avoid running over the boy’s body, then swerved his car to the right and brought it to rest on the west side of the highway.
Plaintiffs made the usual allegations of specific acts of negligence a-s against defendant, namely, driving at an excessive rate of speed; failing to heed a crossroad sign placed some 300 feet from the intersection, and to slacken speed; failure to- *919 operate his vehicle at such speed that he might stop it within the range of his lights; failure to apply his brakes until after the impact; failure to keep a proper lookout, and failure to keep on the proper or right-hand lane of the highway.
Careful study of' the record moves us to the conclusion that plaintiff has failed to sustain any of the charges of negligence enumerated. The speed of 50 to 55 miles per hour was not excessive trader the circumstances. There was no highway traffic at the point which would have imposed the duty of slackening speed while crossing the intersection, and it is conclusively established that defendant’s action in leaving the right lane of the highway and swerving to the left, at which time he also made application of his brakes, as demonstrated by skidmarks testified to by a number of witnesses, was an immediate and instantaneous reaction in the effort to avoid striking young Flowers. This action cannot even be considered as an error of judgment under the circumstances, since the preponderance of the testimony indicates that if the boy had continued in his course across the highway without turning, the maneuver of defendant in swerving his car would have successfully avoided the accident. There is no question in our minds about the fact that the boy, apparently in a moment of panic, did turn and reverse his direction. The injuries sustained were suffered on the left side of his body, which is mute and conclusive evidence of the fact of his turn.
On trial of the case, as an additional charge of negligence, over vigorous objection of defendant’s counsel, plaintiffs attempted to establish the fact that the brakes of defendant’s car were defective. Plaintiffs signally failed in this effort, and, on the contrary, there appears to be no question as to the fact that the brakes were in good working order.
The most serious question which appears to be presented with respect to defendant’s negligence is the contention that his rate of speed would not enable him to bring his vehicle to a stop, in case of an emergency, within the range of the car’s lights. However, under the circumstances, we cannot find that the facts which would support this claim have been established. The usual action of the driver of a motor vehicle in dimming his lights serves to lower and narrow the area covered by the beam of the vehicle’s lights. But it does not follow that such an action, coupled with the maintaining of the cruising speed of the vehicle, constitutes negligence under the facts of this case. It is clear that there was no circumstance or condition which would or should have served to warn defendant of the possibility of a pedestrian crossing the highway. The facts of the instant case clearly distinguish it from those cases in which pedestrians were traveling along the highway in a course which would and should have brought them within the view of the headlights of vehicles on the highway. In this case we find no reason to question defendant’s story of the cir-cumstafices. Young Flowers, in crossing the highway, stepped from the darkness of the left-hand lane of the highway into the beam of the headlights at a time when the automobile was in such close proximity as to render it impossible for the driver to bring it to a halt.
We not only find defendant free of negligence under the established facts, but we are firm in the conviction that the contributory negligence of young Flowers was the sole, proximate and immediate cause of the unfortunate accident. The boy certainly had every opportunity to observe the rapid approach of defendant’s automobile and his reaction in the face of a suddenly discovered danger is clear proof of his negligence and carelessness in attempting to negotiate the crossing of a main highway without observing proper and reasonable precautions.
With due consideration of the authorities cited by plaintiff’s counsel, we do not find that this is a case for the application of the now well established doctrine of discovered peril. The facts which we have attempted to set forth above do not indicate that defendant could or should have reasonably been expected to observe any imminent peril. It is apparent that *920 young Flowers was not in peril until the moment he left the safety of the untraveled lane of the highway and placed himself in the path of the approaching car, and clearly the time element at such instant would not admit of the application of the legal responsibility flowing from the discovered peril doctrine as against the defendant.
The finding of the jury with respect to the facts involved is entitled to great weight and should be overturned only in the event of manifest error. Pouncy v. Temple, La.App., 41 So.2d 139. After careful study of the record we conclude not only that no manifest error is present, but that the facts established amply sustain the verdict of the jury.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.