REGAN, Judge.
Plaintiff, James S. Mclnnis, instituted this suit against defendants, William Rad-ecker, Jr., the owner and operator of a taxicab, and Cooperative Cab Company, Inc., the insurer, endeavoring to recover the sum of $23,317.50, for personal injuries sustained by him on May 13, 1949, at approximately 5:15 o’clock p. m. in the intersection of Washington Avenue and *349 Magazine Street, in the City of New Orleans, when he was struck by the taxicab as he attempted to walk across Magazine Street.
The defendants answered and denied that Radecker was guilty of any negligence and averred that the sole and proximate cause of the accident was the gross negligence of plaintiff in leaving a position of safety and darting into the path of the cab while in a state of intoxication; in the alternative, defendants pleaded the contributory negligence of plaintiff.
From a judgment in favor of defendants dismissing plaintiff’s suit, plaintiff has appealed.
The record reveals that Radecker was driving uptown in Magazine Street in the general direction of Louisiana Avenue. Plaintiff was contemplating crossing Magazine Street where it is intersected by Washington Avenue, walking from the river towards the lake. When he reached the approximate center of this roadway he was struck by the side of the left front fender of the taxicab.
Radecker concedes that he observed plaintiff as he stepped from the downtown river corner of Washington Avenue and Magazine Street and into the roadway of Magazine Street as he approached the situs of the accident, traveling fifteen to twenty miles per hour; he watched plaintiff walk into the middle of the street and pause; “I was under the impression that he was going to stop. He darted across the street and into the left side of the fender of my automobile.”
Plaintiff related that he had been drinking since about eight o’clock a. m. on the day of the accident, but that he was not drunk because “I knew what I was doing.” He asserted that as he started to cross Magazine Street the taxicab was about one-half block away and when he reached the middle thereof, he observed the cab approaching from his right but that “when I went to look again he was on me.”
Plaintiff insists that Radecker was negligent in operating his taxicab at an excessive speed; failing to maintain a proper lookout; to have his car under control and to permit plaintiff to complete the crossing; in the alternative, plaintiff insists that he was negligent and even though that negligence continued up to the very moment of the impact, defendants are liable if Rad-ecker had the last clear chance of avoiding the accident and failed to do so.
The only disinterested eyewitness to the occurrence was Mrs. E. J. Desroches who, graphic detail, confirmed Radecker’s version of the accident in all of its essential aspects.
The record contains an abundance of proof to substantiate plaintiff’s admission that he had been drinking throughout the day, however, the record is devoid of any proof that Radecker knew or should have known at any time prior to the accident that plaintiff was visibly intoxicated.
We are of the opinion that the evidence does not warrant the conclusion that Radecker was negligent nor that he had the last clear chance of avoiding the accident. Plaintiff carried the burden of establishing fault on Radecker’s part by a preponderance of the evidence. Not only has he failed in this respect, but it is now perfectly clear to us after a careful examination of the record that the injuries to plaintiff were caused solely by his gross negligence in that he observed the cab approaching from his right, paused in the center of Magazine Street, which was, in effect, an invitation for the cab to continue on its course, and then suddenly darted into the path of Radecker’s car from a point of relative safety.
The lower court was obviously of the opinion that the proximate cause of the accident was the sudden movement of plaintiff from a point of safety into the path of Radecker’s oncoming taxicab at a moment when it was too late, from the standpoint of time and distance, for Radecker to do anything effectively to circumvent *350 the accident. We concur in this finding of fact.
There can be no recovery against Radecker and his insurer since he exercised due care in discovering the peril and, after discovering it, could not avoid injuring the plaintiff.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.