Gloria Mae BROWN, in person, and on behalf of her minor children, Joann and Velda Marie, Appellants,

v.

LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellee.

No. 15933.

United States Court of Appeals
Fifth Circuit.
May 25, 1956.

John W. Read, Cicero C. Sessions, New Orleans, La., for appellants.

Harry McCall, Jr., Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents the question whether the Court below was clearly erroneous in its finding that the Railroad Company was not liable to plaintiffs for the death of their husband and father, killed in a crossing collision between the truck he was driving and the Railroad's passenger train. The trial Court, sitting without a jury, having heard the evidence and considered written briefs, entered its findings in the form of a written opinion [1] setting forth that, although the decedent and the Railroad Company were both guilty of negligence, the decedent had the last clear chance to avoid the negligence of the Railroad Company and, therefore, his beneficiaries were not entitled to recover.

Plaintiffs appealed from this decision and claim here that the findings of the Court below were clearly erroneous. The Railroad Company, as appellee, claim that these findings are supported by the evidence and, further, that the evidence fails to disclose any negligence on the part of the engineer and fireman operating the train which proximately contributed to Brown's death. We agree with the contentions of the Railroad Company. The controlling facts are not in dispute, being furnished by the engineer and fireman of the train, who were the only eye witnesses.

The passenger train approached the crossing at a lawful rate of speed and after giving the bell and whistle signals required by law. The deceased came upon the crossing from the fireman's side and was first observed by him as the cement-mixer truck, which he was driving up a slight grade, was entering upon a "derail" track about twenty-five feet away from the first rail of the track upon which the train was moving. The truck was moving very slowly when the fireman first saw it and could have been stopped in a few feet. The fireman did not give the alarm to the engineer until the truck had advanced closer to the track on which the train was moving and when, instead of stopping, it gave a sudden burst of speed, indicating that the driver was going to try to beat the train across. Until that moment the fireman was not called upon to act because that was the first indication he had that the truck would not stop. Both his testimony and the law gave support to his assumption that the truck would be brought to a stop in a place of safety.

The fireman was placed on the stand by plaintiffs and subjected to prolonged and searching cross-examination, and established without controversy that he saw the truck approaching at a place of safety and watched it advance, firm in the belief that the truck would stop, and had nothing to change that conviction until, instead of stopping, the driver increased his speed just before reaching the track of the collision.[2] Immediately after the fireman gave the alarm the engineer applied his brake in emergency but the braking action did not take effect until immediately before

1. Brown v. Louisville & Nashville Railroad Company, D.C.1955, 135 F.Supp. 28. The facts are fully stated in this opinion and will be repeated here only as they relate to the points discussed.

2. The fireman was cross-examined by plaintiff without objection evidently upon the assumption that the procedure was governed by 7 West's LSA–R.S. 13:3662 to 13:3664 (cf Rule 43(b) Fed.Rules Civ. Proc. 28 U.S.C.A. He was asked many times concerning the movement of the truck and why he did not give the alarm sooner and he gave a consistent and con-

the impact. The right front corner of the engine struck the truck about at its rear tandem wheels and the train ran 526 feet before stopping.

■ Louisiana adheres to the rule of uniform application that the crewmen in charge of a train may assume that an automobile approaching its track under such circumstances will stop before reaching it. Bordenave v. Texas & New Orleans R. Co., La.App. 1950, 46 So.2d 525; Leger v. Texas & P. R. Co., La.App.1953, 67 So.2d 775; Allen v. Texas & Pacific Ry. Co., D.C. W.D.La.1951, 96 F.Supp. 520, and cases cited. The Court below based its conclusion upon the finding that the decedent had the last clear chance to avoid the accident under what it aptly called the "transitional" doctrine of last clear chance as applied in Louisiana, and as was so well delineated by the Supreme Court of that state in Bergeron v. Department of Highways, 1952, 221 La. 595, 60 So.2d 4.

■ It might, in our opinion, have rested its decision upon the finding that the evidence failed to disclose any actionable negligence on the part of the Railroad. While the fireman did not see the truck until it was entering upon the "derail" track, it seems to be conceded that deceased would have been successful in his race with the train if the fireman had given the alarm at the moment he first saw the truck. If, therefore, his failure to see the truck earlier might be thought negligent, it is clear that this was not a proximate cause of the accident. The fireman was under no duty to act until he reasonably concluded that the truck was not going to follow the usual custom and stop short of a place of danger. That realization did not come until after the truck had traveled, at a very low rate of speed, quite a distance from the place where it was first seen. The distance of the train from the point of collision and its speed—so long as it is not illegal—at the various points of its approach as plaintiffs sought to develop, are not of much importance. The crucial and decisive element in the decision begins with the split second of discovery that the vehicle will not stop and involves what happens thereafter. As to those facts, there is not any dispute in the evidence.

The Leger case, supra [67 So.2d 776], involved facts quite similar to those of this record, and the summary of the Court's decision in the sixth syllabus is authority supporting a finding of the absence of negligence here: "Where railroad fireman noticed approach of truck when it was approximately 125 feet from crossing and train was approximately 300 feet, fireman did not realize that truck would not stop until train was 50 feet from crossing and truck was 15.4 feet from crossing and fireman immediately warned engineer who applied brakes as quickly as possible but could not avoid striking truck, railroad was not liable under last clear chance doctrine for death of truck passenger."

The facts here disclose that the fireman was alert and attentive to the actions of decedent and discovered his intention to attempt the crossing ahead of the train as soon as it became manifest. He acted immediately to warn the engineer who did everything he could to rescue decedent from his peril. There is nothing in the evidence upon which a finding of negligence on the part of the Railroad may be rested. It follows that the finding and decision of the Court below were not clearly erroneous, but were correct, and its judgment is, therefore,

Affirmed.

vincing account of what was transpiring: "The truck was moving very slow from the derail track where I first saw it and continued to move very slow * * *. All at once it just shot across the track * * *. I didn't holler sooner because I thought it was going to stop * * *. I didn't call until I seen he was making an attempt to cross ahead of the train * * *. He looked like he was going to stop just at any second. * * * Because he was going at a very slow speed *. * * I thought he was going to stop * *. * like they generally do."