PIARDY, Judge.
This is an action by plaintiff for the recovery of damages for personal injuries sustained when he was struck by an automobile owned and driven by defendant, and he appeals from a judgment rejecting his demands.
Plaintiff’s petition alleged that his injuries were the direct result of the negligence of the defendant in specified particulars which constituted the proximate cause of the accident, and, alternatively, in the event the facts disclosed negligence or contributory negligence on the part of plaintiff, that defendant had the last clear chance to avoid the accident through the exercise of reasonable care and precaution.
The material facts were established on trial without any substantial disagreement. The accident occurred between 11:00 and 11:30 P. M. on Highway 1 in Caddo Parish, during a violent rainstorm; defendant, accompanied by his wife, was driving his Renault automobile south on the highway at a speed of approximately 35 miles per hour; the headlights of the vehicle were burning and the windshield wipers in operation; defendant first observed the presence of plaintiff, who was engaged in crossing the highway from east to west, when he was at or near the center line of the highway in an area where there were no road intersections nor pedestrian crossings; defendant further testified, that after he perceived the presence of plaintiff the latter took about two steps directly into the path of defendant’s moving vehicle; and that it was impossible to avoid the accident. Plaintiff was dressed in dark clothing, and, for some inexplicable reason, was wearing sunglasses at the time of the accident. There is some evidence which would indicate that plaintiff was in a highly intoxicated condition but it was not established in any degree that the condition of intoxication was perceptible to and should have been observed by defendant, nor that it contributed in any respect to the occurrence of the accident.
Before this court, in oral argument, counsel for plaintiff, while still asserting the negligence of defendant, admitted the contributory negligence of plaintiff and based his argument upon the applicability of the doctrine of last clear chance. Although we remain entirely unconvinced, from the facts established by the record, as to the existence of any negligence on the part of defendant, we will direct our attention in this opinion to a consideration of the applicability, vel' non, of the doctrine of last clear chance or discovered peril.
The facts involved in the instant case are comparable in many respects to those which were under consideration by this court in Flowers v. Morris, La.App., 43 So.2d 917, and Newton v. Pacillo, La.App., 111 So.2d 895 (writs denied), in both of which cases the doctrine of last clear chance was asserted.
In the Flowers case we pointed out that a pedestrian who attempted to cross a highway at night, leaving the safety of ah. untraveled lane and suddenly stepping in' front of a rapidly approaching automobile, was not entitled to recovery when the vé-; hide was so close as to render stopping or avoiding action impossible. In the Néwton case we particularly noted the necessity for establishing certain essential elements of fact as conditions to the successful invocation of the doctrine of last clear chance, These elements were named as (1) the position of a pedestrian in a place of peril of which he was unaware or from which he was unable to extricate himself; (2) discovery or opportunity for discovery of the pedestrian’s peril by the driver of a motor vehicle, and (3) the opportunity for avoidance of the accident by such driver through the exercise of reasonable care.
It suffices to observe that under the facts of this case the above-noted requisites were not established.
The judgment appealed from is correct and accordingly it is affirmed at appellant’s cost.