PIARDY, Judge.
This is a suit by plaintiffs, husband and wife, against defendant, Corley and Southern Farm Bureau Casualty Insurance Company as his automobile liability insurer, claiming damages for the death of their seventeen-year old son, Elbert J. Coonce, allegedly resulting from the negligence of Corley in the operation of a motor vehicle. Companion cases of Wesley Edward Ray and Joy Hood Ray, legally separated, claiming damages for the death of their sixteen-year old son, Jessie E. Ray, who was killed in the same accident, were consolidated for trial and appeal. 162 So.2d 407. From judgment in favor of defendants rejecting *406 the demands of all plaintiffs the latter have appealed.
The accident occurred at approximately 4:30 A.M. on August 9, 1961, on Louisiana Highway 183 in Richland Parish when a 1960 Ford pickup truck, owned and operated by defendant, Corley, struck and killed the two boys. Immediately prior to the accident Corley, accompanied by his daughter-in-law and her two small children, was driving south on the highway and the two decedents were lying asleep approximately in the center of the highway. According to Corley’s testimony, his bright lights were on, both his lights and brakes were in good working order, the highway was dry, straight and level for a distance of approximately a mile in either direction from the point of the accident, and there was no impairment of vision. Corley testified that his lights picked up the objects on the road, which appeared to him to be a cardboard box, or boxes. The speed of Corley’s truck at the time was approximately 45 miles per hour and he reduced the same upon observing the objects in the road, intending to pass to the right, that is, on the extreme westerly side of the highway. However, when the Corley truck was within a distance of about 25 or 30 feet of the objects, one of them, later determined to be the Ray boy, rose from his prone position and began crawling rapidly on all-fours toward the west, directly in front of the Corley truck. Corley immediately swung his truck to the left and applied his brakes in the attempt to avoid contact with what he then realized to be an animate object. The maneuver was unsuccessful, the left portion of the vehicle ran over the Coonce boy and the Ray boy was struck and dragged beneath the truck until it was brought to a stop. Both boys were instantly killed.
In brief counsel for plaintiffs specifies error on the part of the trial court in failing (1) to find Corley negligent; (2)to hold that such negligence was the sole and proximate cause of the accident, and, finally, in refusing to apply the doctrine of last clear chance. In oral argument before this court the issue was reduced to the application, vel non, of the doctrine of last clear chance. It is our view that this is the only question presented, since our examination of the record fails to disclose negligence on the part of Corley and clearly establishes contributory negligence on the part of the decedents.
In considering the doctrine of last clear chance, we do not find that the facts justify its application. There is nothing to indicate that Corley could not have avoided contact with the objects by turning his vehicle to the east, which he testified was his intention, and which maneuver would have enabled the safe passage of his truck without contact with the “objects”. However, when the Ray boy rose from the highway and began crawling on his all-fours into the path of the Corley truck when it was only some 20 to 30 feet distant, it is clear that this action created an emergency. It has many times been decided by the courts of this State that a motorist who is without fault is not required to anticipate the sudden movement of an individual who leaves a place of safety and places himself in a position of peril by moving into the path of an approaching vehicle. A full discussion of the elements involved in the doctrine of last clear chance, under facts which are appropriate to the consideration of the instant case, is found in the case of Newton v. Pacillo (2nd Circuit, 1959, writs denied), La.App., 111 So.2d 895.
It is also a requisite of the application of the doctrine that it be established that at the time the exercise of reasonable care would have resulted in the avoidance of the accident; Newton v. Pacillo, supra, and cases cited therein.
The facts in the instant case fail to establish negligence on the part of Corley, unquestionably justify a finding of negligence on the part of the two decedents, and clearly indicate that no last clear chance, that is, no reasonable opportunity for the avoid- *407 anee of the accident, was open to defendant, Corley.
The facts in the case of Brooks v. State Farm Mut. Auto Ins. Co. (2nd Circuit, 1956, writs denied), La.App., 91 So.2d 403, are of some interest in consideration of the instant case for the reason that they involved the question of liability of a motorist who struck the body of a six-year old child lying on the center line of the highway. However, there are numerous distinctions between the cited case and the one before us. The opinion in the Brooks case was predicated upon the conclusion that the offending motorist had the opportunity to observe and the further opportunity to avoid striking the body of the little child.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.