ELLIS, Judge.
Paul V. Pitre and his wife, Marjorie, brought this action against Miss Mae Rita Ayo and her automobile liability insurer, American Indemnity Company, to recover medical expenses and damages growing out of an automobile-pedestrian accident on Highway 1 in Golden Meadow. The case was considered below on the question of liability only, and the learned trial judge rendered judgment adverse to the plaintiffs, dismissing their suit on the ground that Miss Ayo was not guilty of any negligence. Hence this appeal by plaintiffs.
Up to a few minutes prior to the accident the facts are not in dispute. About 6:45 P.M. October 29, 1959 Mrs. Pitre announced to her husband that she was going for a drink. She took the . family automobile and drove alone to Paw Paw’s Bar in Golden Meadow where she had several drinks and danced with two male patrons. Mr. Pitre, waiting at home, grew angry at his wife for leaving him, called a taxi, and went in search of her. Upon discovering his car parked across Highway 1 from Paw Paw’s Bar, facing in a southerly direction, he dismissed the cab, walked inside the bar, and without a word struck his wife. Grabbing her, they went outside and crossed the highway to the family automobile. These facts are established by the testimony of the plaintiffs themselves.
At this point, however, a serious dispute arises as to what happened. According to the plaintiffs, they got into the automobile and were preparing to drive away when Mrs. Mickey McDermitt, a barmaid at Paw Paw’s Bar and also the sister of Mrs. Pitre, walked outside the bar and shouted insinuations across the highway pertaining to Mr. Pitre’s fidelity to his wife. In response to this Mr. Pitre, at his wife’s insistence, got out of the car, crossed the highway, and entered the bar with Mrs. McDermitt to “straighten her out”. Approximately five minutes later Mrs. Pitre got out of the car and began crossing the highway toward the bar. As the bar was very slightly to the north of the driver’s door of the Pitre automobile, Mrs. Pitre was crossing Highway 1 at a very slight angle north of east and did not observe the Ayo automobile approaching from the south at approximately 20 miles an hour. Mrs. Pitre testified she waited for a southbound vehicle to pass and then looked to the right and started across the highway.
*841 Though it was dark the lights on the Ayo vehicle were burning, the highway was straight, and the weather was clear. Mrs. Pitre was certainly negligent in failing to look, or if she looked, in failing to see the Ayo vehicle approaching.
The Pitre version of the accident is somewhat substantiated by the testimony of Ernest Cheramie and of Henry Chera-mie, the proprietor of Paw Paw’s Bar. They testified that when someone yelled there had been an accident, Mr. Pitre was seated in the bar and that he rushed out at that time. Their testimony, however, is so vague and indefinite on other points that it is understandable the trial judge did not accept this version of the accident. Also, the testimony of Mrs. McDermitt which could have verified that Mr. Pitre was in the bar at the time of the accident was not offered, though Mrs. McDermitt was available in the courtroom during the trial. The failure to produce this witness must be construed adversely to the plaintiffs.
The defendants’ version of the accident was given primarily by Mr. and Mrs. Terrebonne, two completely disinterested witnesses who happened to be driving on Highway 1 in a southerly direction opposite Paw Paw’s Bar. The Terrebonnes testified as they approached the bar Mr. Terrebonne noticed a man and woman on the right or western side of the highway in the narrow space between an automobile and the highway edge, and they were fussing, talking excitedly and waving their hands. He called this to his wife’s attention and slowed to a near stop, fearing that the couple might step in front of his car. Mr. Terrebonne split his attention between the couple and the approaching Ayo automobile. Mrs. Terrebonne, however, gazed at the couple intently and even put her window down and continued to stare at them as the Terre-bonne automobile passed, revolving her head and body 180° so that she was able to testify she actually saw Mrs. Pitre cross the southbound lane of traffic immediately behind the trunk of the Terrebonne automobile. Mrs. Terrebonne was emphatic that Mrs. Pitre had been pushed and positively identified both plaintiffs as the persons she had seen “fussing.”
If this set of facts is true Mr. Pitre’s negligence in pushing his wife was the proximate cause of the accident.
We cannot say, as a matter of law, that the lower court’s failure to accept the Pitre version is erroneous. In light of the testimony produced by the defendants, the trial judge was eminently correct and no other decision could possibly have been reached. The trial judge was certainly correct in accepting the testimony of these disinterested witnesses over that of the Pitres themselves.
In either event, however, we must concur with the lower court’s ruling that Miss Ayo was not guilty of any negligence whatever, and that the sole and proximate cause of this accident was either the negligence of Mr. Pitre in pushing or causing his wife to stumble into the path of the Ayo automobile, or was the negligence of Mrs. Pitre voluntarily stepping out into the path of the Ayo vehicle.
Mr. Terrebonne testified he observed Mrs. Pitre cross behind his car at approximately the same instant that the Ayo vehicle was opposite his front fender. Miss Ayo certainly could not have seen Mrs. Pitre crossing behind the Terrebonne vehicle because of the glare of the headlights and also because Mrs. Pitre was hidden by the Terrebonne vehicle. The first time Miss-Ayo saw or should have seen Mrs. Pitre was when she stepped suddenly into, the northbound lane of traffic a few feet in: front of the Ayo vehicle. No act or omission on the part of Miss Ayo in any way-caused this accident and consequently Miss. Ayo is entirely free of any negligence.
The doctrine of last clear chance is not applicable to the instant case for the-dual reasons that the defendant did not and could not have discovered that Mrs. *842 Pitre was in. -peril and because, even had the defendant known of the peril, it was too late to avoid the accident. Newton v. Pacillo, La.App., 111 So.2d 895.
For the reasons above set forth the judgment of the trial court is affirmed.
Affirmed;