HOOD, Judge.
This is an action for damages instituted '‘by Mrs. Lillie V. Duke against James R. Tarter, Traders & General Insurance Com-pany and Aetna Finance Company, based ■on personal injuries alleged to have been ■sustained by plaintiff when she was struck 'by an automobile being driven by defendant 'Tarter. Traders & General Insurance Com■pany was the liability insurer of Tarter at "the time of the accident and Aetna Finance Company was Tarter’s employer. After ■trial on the merits judgment was rendered rby'the trial court in favor of defendants, and plaintiff has appealed.
The evidence shows that on the morning of February 13,1962, plaintiff, a 70-year old woman, was struck by a Volkswagen automobile being driven by defendant Tarter as she was walking across Jackson Street, at a point just south of the intersection of that street with Foisey Street, in the City of Alexandria, Louisiana. Jackson Street runs ■north and south and Foisey Street runs east ■and west at that location. Immediately 'before the accident occurred plaintiff -stepped down from the curb on the east side ■of Jackson Street and proceeded to walk in ⅞ westerly direction across that street. At the time the accident occurred she was in the southbound lane of traffic on Jackson Street at a point from five to seven feet east ■of the west curb of that street, and she was in or near the cross walk used by pedestrians which runs across Jackson Street just south of the intersection.
Tarter was driving his automobile in a southerly direction on Jackson Street at a speed of 15 or 20 miles per hour shortly before the accident occurred. He entered the intersection from the north and had travelled through it and to a point a few feet south of the south edge of Foisey Street where the collision occurred. The evidence shows that he applied his brakes with some force before the accident occurred, and he brought his car to a stop within a few feet after he struck the plaintiff. The car left skid marks 12 feet long, beginning at about the center of the intersection and continuing south on Jackson Street, in Tarter’s lane of traffic, to about the point where the car came to rest after striking plaintiff.
The issues presented on this appeal are largely questions of fact. Plaintiff contends that as she was walking from the east to the west side of Jackson Street, and while she was in the southbound lane of traffic about three to six feet from the west curb of that street, she thought she heard someone call to her, and she thereupon turned and in turning possibly stepped back a step toward Jackson Street, at which time the automobile driven by Tarter struck her. She contends that the accident was caused solely by the negligence of Tarter in operating his vehicle at an excessive rate of speed, in failing to maintain a proper lookout and in failing to bring his car to a stop in time to avoid the accident. She argues, in the alternative, that Tarter had the last clear chance to avoid the accident.
Defendants contend that plaintiff had reached the west curb of Jackson Street or had reached a point very close to that curb before she turned and started to recross the street. They contend that after reaching that point of safety, she turned suddenly and then without any prior indication,that she intended to do so she immediately started to recross the same street, walking at a fast pace in an easterly direction directly into the path of the oncoming Tarter vehicle, and that she walked into and collided with the right front portion of that car. They contend that Tarter was maintaining a proper lookout, that he endeavored to avoid the accident without success, and *444 that he was free from negligence. In the alternative, defendants take the position that plaintiff is barred from recovery because of her own contributory negligence.
The testimony of some of the witnesses is hopelessly in conflict with that of others as to what transpired immediately prior to and at the time of the accident. Some of the witnesses testified that Mrs. Duke was walking in a westerly direction, while others testified that she was walking in an easterly direction when the accident occurred. Some stated that she had reached the west curb of the street and had turned and started to recross to the east side, while others testified that she had not reached the west curb, one of the witnesses stating that the accident occurred in the center of Jackson Street while plaintiff was walking in a westerly direction.
The evidence is undisputed that Mrs. Duke was struck on her left side, which indicates that she was facing in an easterly direction at the time she was struck. Also, she was completely blind in her left eye and the vision in her right eye was only 50% of normal, so she obviously would have had some difficulty in seeing a motorist approaching from her left even if she had made an effort to do so. She concedes that she turned in response to what she thought was a call to her by her brother, who remained on the east side of the street, and that she did not see the Tarter vehicle at any time before the accident.
The trial judge, after analyzing the testimony of each witness in his reasons for judgment, found that no satisfactory determination could be made as to how far plaintiff had proceeded across the street before she turned. He concluded, however, that it was immaterial whether she had left a place of safety on or near the curb and advanced some distance into the street, or if she while crossing suddenly reversed her course of travel. He found that plaintiff had proceeded a sufficient distance in a westerly direction to allow Tarter to safely continue in his lane of traffic, and that the sole cause of the accident was plaintiff’s negligence in suddenly turning and in endeavoring to recross the street after it was too late for Tarter to bring his car to a stop. The trial judge held that: “Mrs. Duke was grossly negligent whether she stopped in the street and began to recross it or whether she stepped back after getting on the curb.”
 The trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight on appeal and will not be disturbed unless found to be clearly erroneous. Martin v. LeBlanc, La.App. 3 Cir., 157 So.2d 283. We find no error in the conclusions reached by the trial judge in this instance. If we should assume, therefore, that Tarter was negligent (and we specifically make no such finding), it is apparent that plaintiff still would be barred from recovery by her own contributory negligence unless it can be shown that Tarter had the last clear chance to avoid the accident.
Plaintiff, invoking the doctrine of last clear chance, contends that Tarter was negligent in failing to maintain a proper lookout and in failing to bring his vehicle to a stop after he saw, or after he should have seen, plaintiff in his lane of traffic, and thus that he had the last clear chance to avoid the accident.
The evidence shows that shortly prior to the accident Mrs. Duke had attended a funeral at a funeral home which is located in the southeast quadrant of this intersection. The funeral services were completed shortly before she started to cross Jackson Street, and a number of people had gathered just outside the funeral home. Several witnesses testified that they noticed that Tarter was looking in the direction of the group of people who had gathered at the funeral home as he traversed the intersection, and that he was not observing plaintiff as she crossed the street. Some of the witnesses testified that he did not reduce the speed of his car until after the accident occurred. *445 Tarter testified that he did observe plaintiff as she crossed the street, that he saw her turn and start to recross it after she reached the west curb, and that he endeavored to stop his car immediately after she turned and started back, but that he was unable to avoid colliding with her. His testimony is supported by evidence showing that his car left skid marks beginning in the center of the intersection, and the trial judge points out that the length of the skid marks plus the distance which Tarter travelled during the reaction time shows that he must have been observing plaintiff at the time she turned and started to recross the street. We agree with the trial judge that Tarter was maintaining a proper lookout, that he saw Mrs. Duke turn and start to recross Jackson Street immediately before the accident occurred, and that he did all that he reasonably could do in an effort to avoid striking her.
A motorist is not required to anticipate that a pedestrian will suddenly and without any apparent cause leave a place of safety and walk in front of an approaching automobile unless there is some unusual action on the part of the pedestrian to indicate to the driver that he is not in full possession of his faculties and is unable to look after his own saftey. Newton v. Pacillo, La.App. 2 Cir., 111 So.2d 895 (cert. denied); Accardo v. Grain Dealers Mutual Insurance Company, La.App. 1 Cir., 151 So.2d 116 (cert. denied.)
The facts in the Accardo case, supra, are almost identical with those presented here. The court, in holding that the defendant driver was free from negligence and that he did not have the last clear chance to avoid the accident, said:
“Under the circumstances shown the negligence of plaintiff is manifest and patent. It was negligence of the grossest sort for plaintiff to suddenly turn, reverse his direction and dash toward the curb without looking to the east to observe if the street were clear of oncoming westbound vehicles.
⅝ ⅜ ⅝ * ‡ *
“From the record before us we are convinced that Dixon was free of negligence and, under the circumstances shown, he did not have the last clear chance to avoid the accident. It is clear beyond doubt that plaintiff was in no peril whatsoever until he suddenly turned and bolted toward the curb at a time when Dixon’s oncoming automobile was approximately 100 feet distant. It is equally clear that Dixon immediately discovered the peril created by plaintiff’s sudden, irrational conduct and instantly applied his brakes as hard as he could. In so doing, he reacted as a reasonably prudent individual but nevertheless could not avoid the accident because he had no opportunity to do so.”
In the instant suit there was no unusual action on the part of Mrs. Duke which would indicate to Tarter that she may not look after her own safety. After she had crossed and was beyond the path in which the defendant’s vehicle was travelling she was in a position of safety, and we think Tarter was not required to anticipate that she would leave that position without any apparent cause and suddenly walk in front of his approaching car.
We think the trial judge correctly held that defendant Tarter was free from-negligence, and that he did not have the-last clear chance to avoid the accident. In view of these conclusions it is not necessary for us to consider the question of whether Mrs. Duke is barred from recovery because of her own contributory negligence.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.