CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiff’s 15 year old son, Roy Gene Gosnell, was struck by a taxi cab while walking along a highway. From an adverse judgment the plaintiff appeals.
The sole issue is factual, i. e., whether young Gosnell walked from the shoulder onto the pavement and into the right side of the taxi cab, as contended by defendants, or whether he was struck while walking on the shoulder of the highway, as contended by plaintiff.
The accident occurred at about 7:30 p. m. on December 1, 1963 near the city limits of Leesville, Louisiana. The highway runs north and south. The speed limit was 45 MPH.
Plaintiff’s son testified he had just left a skating rink and walked out to the west side of the highway to try to catch a ride home. After standing beside the road a short time, he decided to walk north to a nearby hamburger stand. He says he was walking along the shoulder of the road “looking down” and didn’t notice the taxi cab approaching from the north until it was only 5 feet away; that he tried to jump to the left but the taxi cab sideswiped him while he was still on the shoulder.
*412 The taxi driver, Byron O. Franklin, testified he was proceeding in a southerly direction at a speed of 35 to 40 MPH with 5 servicemen he was taking to Fort Polk, One of the passengers yelled “Look out” and about the same time Franklin saw something near his right front door. He swerved to the left but was unable to avoid striking the pedestrian. His radio aerial, just forward of the right front door, was bent and the glass was knocked out of the right rear door. He stopped his cab within 30 to 40 feet and they all went back to tire boy, who had resumed his walk along the highway in a northerly direction. The boy said he wasn’t hurt but on their insistence, and that of the police who later arrived, he was taken to the hospital where x-rays were negative for a fracture. Apparently the boy suffered only slight injuries to his right shoulder.
The taxi driver s testimony is strongly corroborated by that of the investigating police officer. He found glass from the broken window had fallen onto the paved portion of the highway. The officer also testified that young Gosnell stated at the scene that he had his “head down”, didn’t see the taxi coming, and just walked into the right side of the cab.
Although the trial judge did not give written reasons, he obviously accepted defendant’s version of the facts. We find the evidence fully supports such a conclusion.
Plaintiff cites the case of Waagen v. Indiana Lumbermen’s Mutual Ins. Co., 136 So.2d 831 (4th Cir. 1962) in which a crossing pedestrian had reached the middle of the street when struck by the approaching motorist. The court applied the doctrine of last clear chance, holding that the defendant’s insured could and should have seen the pedestrian in a position of peril in time to avoid the accident.
The Waagen case, and other cases cited therein, are clearly distinguishable from the present matter on the facts. Plere the facts do not show that the taxi driver saw or should have seen young Gosnell in a position of peril in time to avoid striking him.
As able counsel for the defendant has pointed out, this case is similar to Newton v. Pacillo, La.App., 111 So.2d 895, where the court refused to apply the doctrine of last clear chance in a situation-where the plaintiff walked from a position of safety into the side of the defendant’s, car under circumstances which showed that the driver had “neither time, distance nor opportunity to do anything effective to avoid the accident.”
For the reasons assigned the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.