JANVIER, Judge.
This suit results from an intersec-tional collision which occurred on the morning of December 24, 1953, at the corner of South White and Banks Streets, in New Orleans. South White Street has a single roadway and Banks Street has two roadways which are separated by a neutral ground.
The plaintiff, Floyd A. Volz, Sr., was operating his Plymouth sedan on South White Street, going in a downtown direction, and Mrs. Nettie Fertel was driving her Chevrolet sedan on the upper roadway of Banks Street, going towards the Mississippi River. Mrs. Fertel was alone in her car and Volz was accompanied by Paul J. Colna, who occupied the front seat alongside him. The Fertel car struck the Volz car on its left side near the front. Both Mrs. Fertel and Volz suffered physical injuries and both cars sustained substantial damage.
Mrs. Fertel had secured liability insurance from National Surety Corporation, and Volz brought suit against that corporation and Mrs. Fertel, alleging that the accident had resulted from negligence on her part in that as he, Volz, was attempting to cross Banks Street while Mrs., Fer-tel’s car was still a safe distance away, she unnecessarily increased the speed of her car and struck his car before he could complete the crossing.
The Board of Administrators of Charity Hospital of Louisiana at New Orleans intervened, and, alleging that the accident resulted from fault on the part of Mrs. Fertel and that, as a result, it had rendered services to Volz for which a charge of $54.74 should be made, prayed for judgment against the two defendants in that amount.
■ Mrs. Fertel and National Surety Corporation answered, denying any negligence on the part of Mrs. Fertel and averring that the collision had resulted from negligence on the part of Volz in that he drove his car into the intersection directly in front of the car of Mrs. Fertel which had already entered, and in that he failed to stop at the stop sign as required to do; and also in that he failed to exercise ordinary care.
Mrs. Fertel then, assuming the position of plaintiff in reconvention, charged that the accident had resulted solely from negligence of Volz as above set forth, that her car had been damaged, and that she had sustained physical injuries and prayed for judgment against Volz in the sum of $2,-441.74.
There was judgment dismissing the suit of Volz and the intervention of the Charity Plospital. There was also judgment in reconvention in favor of Mrs. Fertel and against Volz in the sum of $1,691.74. Volz has appealed suspensively.
The record leaves no doubt at all that Volz was negligent. He says that before entering the intersection he brought his car to a stop at the stop sign and that, looking to his left, he saw the Fertel car approaching; that it was “about forty or forty-five, about a half block, I am not sure.” He later said that he meant forty or forty-five “feet” away when he first saw it. He then said that at the speed at which the Fertel car was approaching he *385 had “sufficient” time to cross in front of it, but that Mrs. Fertel increased the speed of her car and struck his before it could cross.
Volz was half-heartedly corroborated by Colna, who says that he saw Fertel’s car approaching at a “slow” speed, and he added: “I think it increased its speed.” When asked whether the Fertel car, when it struck the Volz car, “was going faster than it was when you first observed it,” he again said: “I think it was.”
Mrs. Fertel’s version of the accident is that, as she approached the corner, she saw an automobile standing at the stop sign waiting for her to cross and that just as she reached the intersection, the Volz car, which was on the far side of the stationary car, entered the intersection directly in front of her car and that she could not bring her car to a stop before striking it.
It is contended by Volz that Mrs. Fertel was obviously mistaken in stating that there was a third car standing at the intersection and that it was from behind that car that the Volz car emerged into view.
It is true that there is no corroboration of the statement of Mrs. Fertel as to the presence of that third car, but even if she is mistaken in believing that there was such a car, she is certain that the car which she saw, which was dark in color, was stopped and that then suddenly a car entered the intersection right in front of her.
We are convinced that this is what happened and that, as she approached the intersection at moderate speed, the Volz car entered and attempted to pass in front of her when there was not time for it to do so. The fault, we think, was entirely with Volz. In Hooper v. Toye Bros. Yellow Cab Co., 50 So.2d 829, 831, we said:
“When confronted with a stop sign erected by the proper officials of the city, in addition to being legally obliged to bring his vehicle to a complete stop, a motorist is held to the duty of appraising traffic conditions in the intersecting street, and of making certain that the way is clear for him to make a safe passage across the intersection. It has been said that when a motorist stops his vehicle before entering a right of way street, he has performed only half of the duty which the law imposes upon him. To stop and then proceed forward in the immediate path of oncoming vehicles, constitutes gross negligence. See Glen Falls Ins. Co. v. Copeland, La.App., 28 So.2d 145.”
It is stipulated that the cost of repairing the damage to the Fertel car was $312.99 and that the hospital and medical bills of Mrs. Fertel amounted to $128.-75, which makes a total of $441.74. Thus it seems that for her physical injuries Mrs. Fertel was allowed $1,150. According to the stipulation the injuries sustained by Mrs. Fertel were as follows: She “suffered the loss of the second molar tooth”; an “existing bridge in her mouth had to be made longer to accommodate a false tooth in place of the extracted tooth”; and “two false teeth were broken and had to be replaced.” There was evidence of a “blow to her right breast * * * and of a blow to her right knee”. Her mouth and cheek were cut and lacerated. Both jaws and her left eye were bruised, and “there were other bruises in the lower region of her spine.” She herself said that she suffered pain which lessened “within a week or ten days,” but that it was sometime later before her knee began to feel better and that it was sometime before she could walk without pain.
Under the circumstances, the amount awarded was not too great.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.