120 So.2d 307 (1960)
Mrs. Jefferson C. CLARK, Plaintiff-Appellant,
v.
Ross C. SHANNON et al., Defendants-Appellees.
No. 9167.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1960.
Rehearing Denied May 23, 1960.
Davenport & Farr, Monroe, for appellant.
Theus, Grisham, Davis & Leigh, Monroe, for appellees.
HARDY, Judge.
This is an action by a surviving widow for damages incurred by reason of the death of her husband as the result of an automobile collision, and she appeals from a judgment rejecting her demands.
The accident occurred at the intersection of what is known as the Dixonville Road, admittedly a right-of-way thoroughfare guarded by stop signs on intersecting thoroughfares, and an unnamed street within the limits of the unincorporated village of Sterlington, at or about 7:15 A.M., on December 2, 1957. There were only two eyewitnesses to the accident, the decedent, Jefferson C. Clark, and defendant, Ross C. Shannon, drivers of the two vehicles involved. Clark died, as the result of injuries sustained in the accident, on April 16, 1958, without ever recovering complete consciousness in the interval between the occurrence of the accident and the time of his death.
On trial of the case Shannon testified that he was driving his 1956 Chevrolet Tudor sedan in a northerly direction on the Dixonville Road at a speed of 20 to 25 miles per hour, and that at or slightly beyond the center of the intersection with the Sterlington Road his car was struck broadside, slightly to the rear of the right front door, by the Clark automobile which was headed westerly on the Sterlington street. The said defendant further testified that although there was no obstruction to visibility, he did not at any time observe the approach of the Clark car, although he heard it almost instantaneously before the collision.
*308 The testimony of the State Trooper who investigated the accident expressed the opinion that the collision occurred near the center of the intersection. The further testimony of this witness established the positions of the automobiles where they came to rest following the accident. The Shannon car stopped some 60 feet from the point of impact, upside down, across the Dixonville Road to the west. The Clark car, right side up, but with its direction completely reversed, stopped about 20 feet from the point of impact, facing toward the east. It was the unsubstantiated opinion of the Trooper that both cars were in motion at the time of the impact, but he observed no skid marks by either vehicle. The photographs introduced in evidence clearly disclose the areas of impact as the left front bumper and fender assembly of the Clark car and the right side of the Shannon car immediately to the rear of the door. The testimony of the automobile mechanic who towed the Shannon car from the scene of the accident and made an examination thereof, establishes the fact that the said automobile received a violent blow sufficient to bend the frame.
We think it is clear from the limited testimony of the witnesses and the more substantial evidence of the physical facts that both Shannon and Clark were guilty of concurrent acts of negligence which were the coequal and coexistent proximate cause of the accident. This was the finding of the district judge, and in such factual conclusion we find no error, manifest or otherwise.
Notwithstanding the fact that the above conclusion disposes of the issue presented, we think it necessary to take note of the insistent contentions advanced by learned counsel for plaintiff to the effect, first, that Shannon's obvious negligence was the sole cause of the accident, and, second, that the doctrine of last clear chance should be applied in the instant case.
Counsel's earnest argument supporting his conclusion that Shannon's negligence was the sole and proximate cause of the accident is based upon the theory that at the time of the impact Clark had brought his vehicle to a stop, and while in such stopped position, it was sideswiped by the right side of the Shannon automobile which was proceeding at a reckless and excessive speed. The acceptance of this theory would necessitate a complete disregard of Shannon's testimony as to his speed of travel; would require the establishment of a substantial left turning movement of the Shannon automobile in order to effect the sideswiping contact, and, finally, would require a factual finding that the Clark automobile was at a standstill.
In our opinion, it is quite unnecessary to devote detailed discussion to any of these several points, inasmuch as the record fails to disclose any evidence which would sustain the requisite facts above noted.
Counsel, also, diligently argues the application of what he designates as "the law of physical force" as ascertainedly demonstrated in the action and position of the two vehicles subsequent to the actual impact. While we find this argument interesting, we feel compelled to decline its validity in the instant case by reason of the fact that the record fails to establish the majority, if not all of the elements necessary to even an approximate determination of the "law of physical force". Essential to the resolution of the effect of physical laws in the instant case would be the establishment of the force generated from and by the impact of the vehicles involved, that is, the product of the rate of acceleration and the mass, which in turn would be affected by the scalar quantity of speed as related to the magnitude of velocity, the vector quantity dependent upon a combination of speed and direction.
Nor can we find from our examination of the record any facts which would support the application of the doctrine of last clear chance. The defendant, Shannon, was on a right-of-way thoroughfare, and his negligence in failing to perceive *309 the approach of the Clark automobile was no more the proximate cause of the accident than Clark's obviously concurrent failure to perceive the approach of Shannon's car and respect the preferred status of its right to pass through the intersection. It is too well established to require citation of authority, that the doctrine of last clear chance is applied only in instances where the facts indicate the reasonable possibility of the avoidance of an accident despite the contributory negligence of the other driver. There are no established facts in the instant case which would support the conclusion that Shannon had the opportunity to avoid the collision.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.