125 So.2d 430 (1960)
Irene Dickson LAVIGNE et al.
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY.
No. 156.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
*431 Dubuisson & Dubuisson, by Edward Dubuisson, Opelousas, for defendant.
Fusilier & Vidrine, by L. O. Fusilier, Ville Platte, for plaintiff.
Before TATE, SAVOY and HOOD, JJ.
HOOD, Judge.
This is an action for damages instituted by Irene Dickson Lavigne, individually and as natural tutrix for her minor children, against Southern Farm Bureau Casualty Insurance Company, arising out of a motor vehicle collision in which plaintiff's husband, LeRoy Lavigne, was killed. Defendant is the public liability insurer of the truck which collided with the Lavigne car. After trial of the case on its merits, judgment was rendered in favor of plaintiff, and defendant has appealed.
The accident occurred about 12:30 a.m. on March 16, 1958, at the intersection of West Pine Street and Rozas Street in the Town of Ville Platte. Both of these streets are graveled, and the intersection is in a residential neighborhood. Rozas Street runs north and south and is designated by a municipal ordinance as a right-of-way street. West Pine Street runs east and west, and an ordinance of the Town of Ville Platte requires all motorists on that street to come to a full stop before proceeding to cross Rozas Street. Standard "Stop" signs were located at this intersection warning motorists on West Pine Street to stop before entering the intersection of that street with Rozas Street.
Immediately prior to the accident, the decedent, LeRoy Lavigne, was driving his automobile in an easterly direction on West Pine Street. As he was traversing the intersection of that thoroughfare and Rozas Street, the left side of his automobile was struck by the front of a pickup truck being driven by Gradnis Thomas. The Thomas truck at that time was being driven in a southerly direction on Rozas Street. After the collision the Lavigne car continued to travel in an easterly direction and came to rest against a tree located 66 feet east of the center of the intersection. The decedent apparently was thrown out of the automobile when it struck the tree, and he died shortly thereafter from the injuries which he sustained in the accident. Following the collision, the truck continued in a southerly direction a distance of about 20 feet and came to rest in the center of Rozas Street, facing in a southeasterly direction.
At the time of the accident the decedent was alone in his car. The driver and a passenger, Alvin Lavigne, were in the Thomas truck. There were no surviving eye witnesses to the accident other than the two occupants of the truck, but three other persons, including two police officers, arrived at the scene shortly after it occurred and testified as to their observations at that time.
There was some conflict in the testimony as to the exact place where the collision occurred. The trial judge found that the point of impact was in the southeast quadrant of the intersection, and that the Thomas truck was in the northbound, or wrong, lane of traffic at the time of the accident. We find no manifest error in these conclusions *432 of fact. The court then held that the driver of the truck was negligent in driving on the wrong side of the street and that his negligence in that respect was the proximate cause of the accident. The trial judge further concluded that "the decedent was possibly negligent in that he entered the intersection apparently without paying too much attention to the oncoming traffic on Rozas Street," but that the driver of the defendant vehicle had the last clear chance to avoid the accident and accordingly defendant was liable in damages. In our opinion it is not necessary to consider whether the trial court was correct in holding that the driver of the truck was guilty of actionable negligence, because the evidence convinces us that the decedent was guilty of contributory negligence, barring plaintiffs from recovery in this case, and that the trial court erred in holding that the driver of the defendant vehicle had the last clear chance to avoid the accident.
The evidence shows that Rozas Street is about 35 feet wide and West Pine Street is about 30 feet in width at this intersection. A residence building with trees and shrubbery around it is located on the northwest corner of the intersection, materially obstructing the view of motorists approaching from the north and west until they reach a point within a few feet of the intersection. The Thomas truck was being driven on the right-of-way street at a speed of about 20 or 25 miles per hour. The two eye witnesses to the accident stated that they did not see decedent's car until it was in the intersection, and accordingly they were unable to testify whether decedent stopped before proceeding to cross Rozas Street, as required by municipal ordinance. The evidence shows, however, that after the collision occurred, decedent's automobile continued to travel in an easterly direction until it struck a tree on the lawn of a residence southeast of the intersection. The car struck the tree with considerable force, not only causing decedent to be thrown from the car and to be fatally injured, but also causing the spare tire, which had been in the trunk of the car, to be thrown through the air striking and breaking the window of a house located several feet from the tree. These established facts convince us that decedent's automobile was being driven at a high rate of speed at the time the collision occurred. It is difficult for us to visualize how decedent could have attained such a speed if he in fact had stopped prior to entering the intersection. If we should presume, as did the trial judge, that the decedent stopped before entering the intersection, then it is apparent that he started across Rozas Street at a very fast rate of speed directly in front of the approaching Thomas truck.
The driver with the right-of-way is ordinarily entitled to proceed toward and into an intersection upon the assumption that inferior traffic will respect his superior right to proceed, unless he could reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection. Koob v. Cooperative Cab Co., 1948, 213 La. 903, 35 So.2d 849; Steele, for Use and Benefit of Steele v. State Farm Mutual Ins. Co., 1958, 235 La. 564, 105 So.2d 222; Stevens v. Delanoix, La.App. 1957, 96 So.2d 844; Guillory v. Frank, La.App. 1957, 95 So.2d 197; Commercial Credit Corp. v. Serpas, La.App.1957, 94 So.2d 83; Janice v. Whitley, La.App.1959, 111 So.2d 852; Brown v. Checker Cab Co., La.App.1960, 119 So.2d 513; Starnes v. Mury, La.App. 1956, 90 So.2d 901; Miller v. Abshire, La. App.1953, 68 So.2d 143; Droddy v. Southern Bus Lines, La.App.1946, 26 So.2d 761. In this case it appears to us that since the Thomas truck was on the right-of-way street, the driver of that vehicle had the right to assume that the decedent or any other motorist approaching from the inferior street would obey the law and would respect his superior right to proceed. The truck was being driven at a reasonable rate of speed, and there is nothing in the evidence to indicate that Thomas should have realized in time to avoid the accident that the decedent would continue into the intersection.
*433 The law is also settled to the effect that when confronted with a stop sign erected by the proper officials of the city, in addition to being legally obligated to bring his vehicle to a complete stop, a motorist is held to the duty of appraising traffic in the intersecting street and of making certain that the way is clear for him to make a safe passage across the intersection. When a motorist stops his vehicle before entering a right-of-way street he has performed only half of the duty which the law has imposed upon him. To stop and then proceed forward in the immediate path of oncoming vehicles constitutes gross negligence. Smith v. Travelers' Ins. Co., La.App.1946, 28 So.2d 147; Hooper v. Toye Brothers Yellow Cab Co., La.App. 1951, 50 So.2d 829; Volz v. Fertel, La.App. 1957, 95 So.2d 383; Ehtor v. Parish, La. App.1956, 86 So.2d 543; Brown v. Checker Cab Co., supra; Hardware Dealers Mutual Fire Ins. Co. v. Meyers, La.App.1960, 119 So.2d 572. In this case it is apparent that the decedent, whether he did or did not stop at the intersection, failed to exercise reasonable care in appraising traffic before proceeding to cross Rozas Street.
Counsel for appellee argues that the decedent pre-empted the intersection, and accordingly the driver of the defendant vehicle was obliged to yield the right-of-way to him. The evidence does not establish that the decedent pre-empted the intersection, although it does show that the collision occurred when the decedent's vehicle had reached, or had almost reached, the opposite side of Rozas Street, and the Thomas truck had traveled a little more than half way across West Pine Street. The fact that the Lavigne car obviously was travelling at a much faster rate of speed than the truck, however, presents a question as to which vehicle entered the intersection first. Be that as it may, if the decedent's vehicle actually entered the intersection first, it is apparent that it did so only a fraction of a second before the truck entered it.
Pre-emption of an intersection, under the principles established by our jurisprudence, does not mean the prior entry of a vehicle simply by a matter of a few feet, or, in relation to the time element, by a fraction of a second ahead of another vehicle, but, in order to support a charge of negligence, such pre-emption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under normal and reasonable circumstances and conditions. Butler v. O'Neal, La.App.1946, 26 So.2d 753; Hooper v. Toye Brothers Yellow Cab Co., supra; Ehtor v. Parish, supra; Harris v. Travelers Indemnity Co., La.App.1954, 70 So.2d 235; Gerrets v. Reed, La.App.1957, 99 So.2d 408; Moore v. Shreveport Transit Co., La.App.1959, 115 So.2d 218; Emmco Ins. Co. v. Globe Indemnity Co., La.App. 1960, 119 So.2d 516. Under the circumstances presented in this case, we conclude that there was no pre-emption of the intersection by the decedent sufficient to support plaintiff's charge of negligence.
In this case the trial judge was correct in holding that the decedent was negligent in failing to maintain a proper lookout before proceeding to cross the favored street. In our opinion his negligence in that respect was a proximate and contributing cause of the accident.
The lower court further held, however, that in spite of the negligence of decedent, plaintiff is entitled to recover under the doctrine of last clear chance. For the successful invocation of the doctrine of last clear chance, the existence or presence of three essential elements must be established: First, that the other person was in a position of peril of which he was unaware or from which he was unable to extricate himself; second, that the person against whom such doctrine is charged actually discovered or was in a position where he should have and could have discovered such other person's peril; and, third, that at the time the person charged with responsibility could have, with the exercise of reasonable care, avoided the accident. *434 Russo v. Texas & Pacific R. Co., 1938, 189 La. 1042, 181 So. 485; Newton v. Pacillo, La.App.1959, 111 So.2d 895; Moore v. Shreveport Transit Co., La.App.1959, 115 So.2d 218.
When the decedent entered the intersection in front of the approaching truck he obviously was in a position of peril of which he was unaware or from which he was unable to extricate himself. The evidence fails to establish, however, that the driver of the Thomas truck actually discovered or was in a position where he could or should have discovered the decedent's peril in time to have avoided the accident. There is nothing in the record to justify a conclusion that the driver of the defendant truck, by exercising reasonable care, could have avoided the accident after he should have become aware of the danger.
The facts in this case are similar to those in Clark v. Shannon, La.App.1960, 120 So. 2d 307, 308, where the Court of Appeal, Second Circuit, in holding that the doctrine of last clear chance was not applicable, said:
"Nor can we find from our examination of the record any facts which would support the application of the doctrine of last clear chance. The defendant, Shannon, was on a right-of-way thoroughfare, and his negligence in failing to perceive the approach of the Clark automobile was no more the proximate cause of the accident than Clark's obviously concurrent failure to perceive the approach of Shannon's car and respect the preferred status of its right to pass through the intersection. It is too well established to require citation of authority, that the doctrine of last clear chance is applied only in instances where the facts indicate the reasonable possibility of the avoidance of an accident despite the contributory negligence of the other driver. There are no established facts in the instant case which would support the conclusion that Shannon had the opportunity to avoid the collision."
We believe that the rule applied in Clark v. Shannon, supra, is correct and is applicable here. Our review of the record in this case convinces us that the trial judge erred in holding that the driver of the defendant vehicle had the last clear chance to avoid the accident.
For the reasons herein assigned, the judgment of the trial court is reversed, and, accordingly, judgment is rendered in favor of defendant, rejecting the demands of plaintiff-appellee at her costs, including the costs of this appeal.
Reversed and rendered.