160 So.2d 793 (1964)
John SOILEAU and Agnes Soileau, Plaintiffs and Appellants,
v.
NEW HAMPSHIRE INSURANCE COMPANY, Defendant and Appellee.
No. 1041.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
Preston N. Aucoin, Ville Platte, for plaintiffs-appellants.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a tort action. The plaintiff, Mrs. Agnes Soileau, while walking across the highway, was struck by an automobile driven by Paul Aguillard. She sues for personal injuries. Her husband, John Soileau, sues for her medical expense. The defendant is liability insurer of the driver. From an adverse judgment plaintiffs appeal.
The principal issue is whether defendant is liable under the doctrine of last clear chance.
*794 The accident occurred on October 27, 1962, at approximately 11:30 p. m. in front of "Snook's Bar & Club" on U. S. Highway #167, a short distance west of Ville Platte. At that location the highway is straight; runs in an east and west direction; is of blacktop construction and is 24 feet in width. There is a black line down the center of the highway and a yellow line 10 inches north of the black line. Snook's Bar & Club is located 80 feet south of the pavement, with a graveled parking area between the building and the highway.
On the Saturday night in question, many of Snook's patrons were in attendance. Cars were parked in front of the building, as well as along both the north and south sides of the highway for some distance in each direction, except that a small driveway was left open immediately in front of the club.
The evidence shows that Mrs. Soileau and her husband left the club to go to a taxi cab parked on the north side of the highway. They walked, he a few steps behind her, through the parked automobiles in front of the club. On reaching the pavement, they looked right and left and saw only the Aguillard automobile approaching from the east, with its lights burning and in its proper lane of traffic. Mrs. Soileau testified she thought she had time to walk across the highway without impeding the approaching automobile, but, when she reached a point 1½ or 2 feet past the yellow line, the left front portion of the automobile struck her. She was knocked sideways into the south lane of traffic. The automobile stopped in its own lane a few feet past the point of impact.
Young Aguillard was driving a 1962 model Ford in a westerly direction on the highway. As he approached Snook's Bar & Club he slowed to a speed of 15 to 20 MPH, being familiar with the large number of people and cars congregated in this area on Saturday nights.
He was in his own lane of traffic and looking straight ahead, with his lights on dim. He first saw Mrs. Soileau just before she stepped across the center line into his lane of traffic. She was wearing a black dress with black shoes and purse. He applied his brakes but was unable to avoid striking her.
Under these facts we think it is clear that Mrs. Soileau was negligent in leaving a place of safety and placing herself in a known and obvious position of peril. She saw the automobile approaching and it was too close for her to cross the highway, yet she stepped directly into its path, apparently in the hope that the driver would see her and stop in time to avoid striking her. Her negligence was a contributing cause of the accident and bars plaintiffs' recovery, unless it has been established, as plaintiffs contend that young Aguillard had the last clear chance to avoid the accident.
In the recent case of Campisi v. Fidelity & Casualty Company of New York, 152 So. 2d 88 (3rd Cir.App.1963), involving a pedestrian-automobile accident, this court stated the essentials of the last clear chance doctrine as follows:
"In order for the doctrine of last clear chance to be successfully applied in this case, it is necessary that the following facts or circumstances be established: (1) that the pedestrian was in a position of peril of which she was unaware or from which she was unable to extricate herself; (2) that the driver of the motor vehicle actually discovered, or was in a position where he should have discovered, the pedestrian's peril; and (3) that, at the time, the driver of the motor vehicle, with the exercise of reasonable care, could have avoided the accident." (Citations omitted)
In the present case we think that circumstance number (1), quoted above, is established, for although Mrs. Soileau was aware of the approach of the automobile, and of her position of peril, she was unable to extricate herself therefrom. We agree with the statement of the law found in 61 C.J.S. *795 Verbo Motor Vehicles § 493(3) Sub-paragraph b, p. 126, as follows:
"The last clear chance doctrine may be applicable notwithstanding the injured person was aware of his peril, if it was apparent that he could not extricate himself therefrom. The humanitarian rule may be invoked (also) where the injured was oblivious of his peril."
The next issue, and the principal one presented in this case, with reference to the applicability of the last clear chance doctrine, is whether the motorist actually discovered, or by the exercise of reasonable care should have discovered, that plaintiff was in a position of peril in time for him to have avoided the accident. Mrs. Soileau lays great stress on the testimony that she walked, at a normal gait, a distance of about 14 feet, from the south side of the pavement to the point of impact, which was 1½ to 2 feet in Aguillard's lane of traffic. She points out that defendant's insured admittedly did not actually see her until just before she stepped across the center line. Plaintiff contends that Aguillard should have seen her sooner and should have realized she was not going to stop and that, if he had, he could have stopped in time to avoid striking her.
In answering this argument, defendant cites the law that, in the absence of anything which reasonably should give him notice to the contrary, a motorist is entitled to assume that a pedestrian will exercise reasonable care for his own safety. Friedman v. Vedros, et al., 68 So.2d 673 (Orleans App.1953); 60 C.J.S. Verbo Motor Vehicles, § 386, p. 942. Thus, in the present case, defendant argues that even if Aguillard had seen Mrs. Soileau, as she walked across the south lane of traffic, there was nothing about her conduct or appearance which would have reasonably caused Aguillard to perceive that she was going to negligently continue into his lane of traffic, when it was obviously unsafe to do so. Aguillard would have seen a woman about 40 years of age, apparently in command of all of her faculties, walking at a normal gait and looking directly at the approaching Aguillard automobile. He could have reasonably believed that she would not leave her position of safety in the south lane of traffic and suddenly step across the center line directly into the path of his car. He could have reasonably continued in this assumption until she reached a point near the center line, at which point he actually did see her and applied his brakes immediately.
In the very similar case of Fontenot v. Freudenstein, 199 So. 677 (Orleans App. 1941) the court held as follows:
"In the case at bar there is nothing to show that there was anything about the appearance of Fontenot to indicate that he was in any peril. He must have been facing towards the approaching car as he was walking. Often, in crossing a street, a pedestrian, seeing a car approaching and about to pass in front of him, continues on his course until within a few feet of the path of the car and then stops to allow it to go by. Even had Miss Freudenstein been looking and even had she seen Fontenot, there is nothing to show that she should have realized that he was not aware of the approach of her car."
See also the more recent case of Bechtel v. Oriol, 52 So.2d 589 (Orleans App.1951) where a pedestrian left his position of safety on a cross walk and hurried across the street into the path of defendant's automobile; also the case of Barrett v. Houston Fire & Casualty Company, 108 So.2d 285 (Orleans App.1959) where a pedestrian stepped off a curb into the path of a motorist. In both of these cases the court followed its holding in Fontenot v. Freudenstein, supra.
It is our conclusion that Mrs. Soileau was not in a position of apparent peril until she approached very near to and stepped across the center line of the highway into Aguillard's lane of traffic. It was not until then that Aguillard reasonably should have realized that Mrs. Soileau was not going to stop *796 and save herself. Aguillard actually saw Mrs. Soileau as soon as her peril was apparent, but by that time he could not avoid the accident.
Therefore, circumstances number 2 and 3 quoted from Campisi v. Fidelity & Casualty Company of New York, supra, are not established here, i. e., there is no showing that the motorist should have discovered the pedestrian's peril in time to avoid the accident.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.