SAMUEL, Judge.
This is a suit for personal injuries suffered by the plaintiff when he was struck by an automobile. The defendant is the liability insurer of the driver of the car. Defendant’s answer denies negligence on the part of its insured and alternatively pleads contributory negligence. Plaintiff has appealed from a judgment on the merits in favor of defendant, dismissing the suit
The accident occurred at about S p. m. in the intersection of St. Bernard Avenue and Sere Street in the City of New Orleans. St. Bernard consists of two roadways separated by a neutral ground and each roadway contains three lanes, two for moving traffic and one for parked vehicles. Sere crosses St. Bernard at an angle.
The record contains the testimony of only three eye witnesses to the accident, the plaintiff and his friend, Edwin Dumas, who testified for the plaintiff, and the driver of the car, .who was a defendant witness. While their testimony is conflicting in some details, our analysis thereof reveals the following facts:
Plaintiff and Dumas had spent several hours in the earlier afternoon drinking in a bar on Sere Street. The record leaves us with the impression that plaintiff consumed a considerable amount of beer and wine. The two men left the bar and walked on Sere towards St. Bernard Avenue in order to catch a bus at that intersection. While on Sere Street about a block away from the bus stop on the opposite side of .St. Bernard they saw a bus coming and ran to catch it. The defendant driver was traveling on St. Bernard in the lane next to the neutral ground on the far side of the avenue from the plaintiff. She had entered St. Bernard from a side street, Milton, just two blocks from its intersection with Sere and was traveling at a speed of approximately 30 miles per hour. The bus in question was on St. Bernard and had passed her as she turned into that street. It came to a stop in the extreme right lane of St. Bernard just before reaching Sere Street.
Plaintiff and Durpas had run across the first St. Bernard roadway to the neutral ground. Dumas continued to run after entering and crossing the neutral ground but plaintiff came to what he described as a “walking stop” and then he too entered the second roadway at a run. In attempting to reach the stopped bus, and because of the angle at which Sere crosses St. Bernard, the two men ran into the path of the approaching automobile and at an angle towards the car. The defendant driver had glanced in the direction of the bus for the purpose of being certain that no passengers were disembarking into her path. When she noticed the two men for the first time they were in the neutral ground near the curb on her side and she was just about 44 feet away. She immediately applied her brakes and swerved slightly to the right. Dumas was not hit but the right side of the car’s front bumper struck the plaintiff who was running behind *173 Dumas. Plaintiff had seen the defendant car when it was about one-half block away and traveling at what he thought was about 50 miles per hour.
In this court plaintiff’s counsel concedes that his client was guilty of negligence. He relies entirely upon the doctrine of last clear chance. We are in agreement with the trial court which found that doctrine inapplicable and rendered judgment in favor of the defendant.
What we said in Scott v. Glazer, La.App., 164 So.2d 185, 187, is here applicable :
“ * * * Before the doctrine can be successfully invoked three essential facts must be established: (1) that the person invoking the doctrine was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the person against whom the doctrine is invoked actually discovered or was in a position where he could and should have discovered such other person’s peril; and (3) that at such time the person against whom the doctrine is invoked could have avoided the accident with the exercise of reasonable care. Sonnier v. Great American Insurance Company, La.App., 134 So.2d 363; Lavigne v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 430; Clark v. Shannon, La.App., 120 So.2d 307; Wells v. Meshell, La. App., 115 So.2d 648; Moore v. Shreveport Transit Company, La.App., 115 So.2d 218; Newton v. Pacillo, La. App., 111 So.2d 895.”
 In the instant case plaintiff was at all times aware of the position he was in and he was never in a position of peril from which he was unable to extricate himself until such time as he left his safe, stopped position on the curb and darted into the path of the approaching defendant car. When that happened there was insufficient time for the driver of the car to avoid the accident with the exercise of reasonable care. Her actions thereafter do constitute an exercise of reasonable care. Under our jurisprudence she had the right to assume that the plaintiff, who was fully aware of the approach of the car, would remain in his safe position on the neutral ground and not run into the car’s path. See Soileau v. New Hampshire Insurance Company, La.App., 160 So.2d 793; Barrett v. Houston Fire and Casualty Company, La.App., 108 So.2d 285; Bechtel v. Oriol, La.App., 52 So.2d 589; Bordenave v. Texas & New Orleans R. Co., La.App., 46 So.2d 525; Fontenot v. Freudenstein, La.App., 199 So. 677.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.