CHRIS T. BARNETTE, Judge pro tem.
This is an action for damages instituted by Leo A. Detornos, Jr., against Ellis Dupuy and his insurer, American Employers Insurance Company. After trial of the case on its merits, judgment was rendered, with written reasons, in favor of defendants; and plaintiff has appealed.
On February 23, 1963, at about 4:30 a. m., plaintiff and Leon Castillon, a companion, were walking across TJ. S. Highway 61, herein referred to as Airline Highway, when plaintiff was struck by an automobile being driven by the defendant Ellis Dupuy. At the scene of the accident, which was in Jefferson Parish, Airline Highway is composed of three east- or New Orleans-bound lanes, a narrow neutral ground, and three west- or Baton Rouge-bound lanes.
Immediately prior to the accident, the defendant left his home and was driving to work on Airline Highway toward New Orleans. Plaintiff and Leon Castillon had left a restaurant on the north side of Airline Highway, crossed the westbound lanes, the neutral ground, and two of the eastbound lanes. The accident occurred just as plaintiff stepped into the southernmost lane. Plaintiff was certainly negligent in attempting to cross Airline Highway at 4:30 a. m., at a point some 190 feet from the nearest intersection. In light of this, plaintiff has based his appeal on the doctrine of last clear chance.
This Court has very recently set forth the requirements of the doctrine of last clear chance in the case of Scott v. Glazer, 164 So.2d 185 (La.App. 4th Cir.1964):
“ * * * Before the doctrine can be successfully invoked three essential facts must be established: (1) that the person invoking the doctrine was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the person against whom the doctrine is invoked actually discovered or was in a position where he could and should have discovered such other person’s peril; and (3) that at such time the person against whom the doctrine is invoked could have avoided the accident with the exercise of reasonable care. Sonnier v. Great American Insurance *213 Company, La.App., 134 So.2d 363; Lavigne v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 430; Clark v. Shannon, La.App., 120 So.2d 307; Wells v. Meshell, La.App., 115 So.2d 648; Moore v. Shreveport Transit Company, La.App., 115 So.2d 218; Newton v. Pacillo, La.App., 111 So.2d 895.”
To apply this doctrine we must determine the factual circumstances of the accident. The testimony of the defendant is in irreconcilable conflict with plaintiff’s witnesses. However, the whole context of the record convinces us that the version of defendant Ellis Dupuy is the more credible and plausible. Our appreciation of the manner in which the accident occurred was that Dupuy, while driving at the lawful rate of speed of approximately 30 miles per hour, saw Detornos and Castillon walking across the highway at a distance of about 190 feet. In reaction to their presence in the road, defendant applied his brakes thereby reducing his speed to about 20 miles per hour. At this point plaintiff and his companion stepped back, indicating to defendant that they had seen his vehicle approaching and were going to wait in their position of safety, out of the lane •of peril, until the car had passed. Defendant continued toward New Orleans, and upon reaching a position approximately 15 feet from plaintiff, plaintiff stepped into the path of the vehicle. Detornos was hit hy the left front of the automobile in spite •of Dupuy’s efforts to stop upon seeing him step out.
Our finding of facts is essentially the same as that of the trial judge as stated in the written reasons for his opinion. We not only concur in his factual conclusions, but we affirm his denial of recovery to the plaintiff on the ground that Dupuy was neither negligent nor had the last clear chance. Soileau v. New Hampshire Insurance Company, 160 So.2d 793 (La.App. 3d Cir.1964); Barrett v. Houston Fire & Casualty Company, 108 So.2d 285 (La.App. Orleans 1959); Bechtel v. Oriol, 52 So.2d 589 (La.App. Orleans 1951).
Referring to the requirements quoted from the Scott case, supra, we find: (1) Detornos was in a position of peril and was not able to extricate himself, but this condition existed only after he stepped out of his position of safety in the middle lane and into the southernmost lane when Dupuy’s car was a mere 15 feet away. (2) Dupuy actually discovered Detomos’ peril, but not until he was approximately 15 feet from the point of impact. (3) Dupuy was unable, with the exercise of reasonable care, to avoid the accident after discovering the plaintiff’s peril; therefore, due to the failure to meet this third requirement, the last clear chance doctrine does not apply.
We have studied the 13 cases cited in plaintiff’s brief and the two additional cases that counsel for plaintiff called to our attention in oral argument and find nothing which, under these facts, calls for the application of the last clear chance doctrine. The cases almost unanimously involved instances where the defendant could have avoided the accident upon discovery of the danger to plaintiff. This requisite element is absent from the facts of the present case.
Furthermore, the only question involved in this appeal is one of fact. It is too well settled to require citation of authority that in the absence of manifest error, the findings of fact by the trial judge or jury will not be disturbed on appeal. There is no such error apparent to us.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.