REGAN, Judge.
The plaintiff, James Rowe, an interdict acting through his curatrix, filed this suit against Shirley J. Finn and the Hardware Dealers Mutual Fire Insurance Company, her automobile public liability insurer, endeavoring to recover the sum of $750,000.00, representing damages for personal injuries and medical expenses which he asserts were incurred as the result of the negligence of Shirley Finn in the operation of her motor vehicle.
The defendants answered and denied the foregoing accusation of negligence and then asserted in explanation thereof that the proximate cause of the accident was the negligence of Rowe in running or walking into the right side of the Finn vehicle while it was in motion.
The trial hereof occurred in the lower court before a jury, which returned a verdict in favor of the defendants. The trial court rendered a judgment in conformity with the jury’s verdict, and from that judgment, the plaintiff has prosecuted this appeal.
The record reveals that as the result of the accident, the plaintiff, James Rowe, has no memory thereof and has lost all powers of reason. Consequently, he did not testify as to the manner in which the accident occurred. However, the facts disclose that several minutes before the accident occurred, the defendant, Shirley Finn was operating her automobile in South Carrollton Avenue in the general direction of the Mississippi River. When she reached the intersection of South Claiborne and *411 South Carrollton Avenue, Miss Finn stopped in obedience to a red traffic signal, and after the light turned green, she proceeded to cross both roadways of South Claiborne Avenue, and after she had passed a section of the street just beyond the inbound roadway of Qaiborne Avenue, which is designated as a pedestrian crosswalk, the plaintiff ran or walked into the side of her vehicle at about the place where the right front door is located.
Neither Miss Finn nor her guest passenger, Wilda Stogner, saw the plaintiff until a split second before he walked into the side of the vehicle.
Mrs. Doris Brugier, the operator of a vehicle which was following the Finn automobile testified that Miss Finn was driving in the left traffic lane toward the river at approximately 20 miles per hour when the accident occurred. She said that she saw the plaintiff on the right sidewalk, and that he moved at a rapid rate across the roadway of South Carrollton Avenue and walked directly into the side of the Finn automobile.
From the foregoing factual elucidation, we are convinced that the defendant was not at fault and that the proximate cause of the accident was the negligence of the plaintiff in walking into the side of the defendant’s automobile. However, counsel for the plaintiff insists that two errors were committed by the trial judge, which he asserts prejudiced the plaintiff’s case before the jury. Initially, he contends that the court erred in refusing to permit the plaintiff to introduce into evidence certain stopping distance charts. Second, he avers that the court committed an error in failing to charge the jury in conformity with the law relating to the doctrine of last clear chance and discovered peril.
Insofar as the first specification of error is concerned, it is quite clear that the relative speed of the defendant’s vehicle was immaterial in view of the facts hereof, since the plaintiff walked into the side of her vehicle. There was absolutely no evidence adduced herein to indicate that the defendant struck the plaintiff.
With respect to the plaintiff’s second specification of error, a cursory reading of’ the record reveals that the doctrine of last clear chance is not applicable. The rationale thereof when applied to the automobile-pedestrian accident, merely provides that if a motorist sees or should have seen a pedestrian in a position of danger, and that person is not aware thereof, the motorist must exercise every means available to avoid injuring the pedestrian even though he has placed himself in this dangerous situation.[1] In this case, the plaintiff was not in a position of danger just before the accident occurred. To the contrary, initially, he was in a position of safety on the curb and subsequently in the right lane of traffic before he decided to walk into the right side of the defendant’s vehicle.
Assuming arguendo that even if Miss Finn had observed the plaintiff on the curb or in the right lane of traffic seconds prior to the accident, the law is well settled to the effect that a motorist who observes an adult pedestrian in such a position may assume that he or she will not decide to run or walk into the path of an approaching automobile.[2]
In view of what we have said herein-above, we are compelled to reach the inevitable conclusion that the trial judge did not commit error prejudicial to the plaintiff when he refused to permit the introduction into the record of various speed and distance charts and in refusing to charge the *412 jury relative to the law encompassing the doctrine of last clear chance.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. See Sorrell v. Allstate Insurance Company, La.App., 179 So.2d 499 (1965); Newton v. Cousin, La.App., 182 So.2d 685 (1965); Detornos v. American Employers Insurance Company, La.App., 170 So.2d 211 (1964).

. Jones v. Dozier, La.App., 160 So.2d 395 (1964); Russ v. Indiana Lumbermen’s Mutual Insurance Company, La.App., 170 So.2d 171 (1964).