PICKETT, Judge.
This suit was instituted by W. G. Small, as head and master of the community of acquets and gains existing between him and wife, Louise Small, for damages resulting from injuries allegedly sustained by Mrs. Louise Small when she was struck by an automobile owned and driven by Videt R. Polk on December 20, 1965, at approximately 5:45 A.M. The defendant, Travelers Indemnity Company, is the liability insurer of Videt R. Polk. The defendant answered the plaintiffs’ demand with a general denial of liability, and in the alternative plead contributory negligence on the part of Mrs. Louise Small. After a trial on the merits, judgment was rendered dismissing plaintiffs’ suit at their cost, and the plaintiff, Mrs. Louise Small, has appealed.
The undisputed evidence shows that the accident in which Mrs. Small sustained her injuries occurred on the Amite River bridge on U. S. Highway 190 at a point approximately one-third of the way from the eastern end of the bridge. Highway 190 extends in a generally east to west direction and consists of four lanes, two lanes for west bound travel and two lanes for east bound travel. At the point where the highway crosses the Amite River, there are two separate bridges. One of the bridges is for the two east bound traffic lanes and the other bridge is for the two west bound traffic lanes.
At about 5:45 A.M. on December 20, 1965, the plaintiff, Mrs. Louise Small, and her son, Ronnie Small, were traveling in an easterly direction on Highway 190. *863 After she had driven onto the Amite River bridge, she ’noticed that it was covered with a slick sheet of ice and, in an attempt to avoid a collision with an automobile immediately ahead of her, being unable to control her car with the brakes, she crashed it into the right hand side of the bridge railing and walkway so that she came to an abrupt stop. Immediately after her car stopped, another automobile driven by William Thomas struck the plaintiff’s car in the rear. The impact propelled the plaintiff’s car forward into the inside east bound traffic lane and against the curb and railing on the north side of the bridge. The Thomas car skidded around so that it faced back toward the west end of the bridge in the outside, or south traffic lane. Mrs. Small said that after her vehicle had been struck by the Thomas automobile and came to rest, she got out of it on the driver’s side, and went around her car and started to go across to the south side of the bridge. While she was crossing over to the other side of the bridge she was hit by a Cadillac automobile owned and driven by Videt R. Polk. The testimo-' ny of Ronnie Small, the sixteen year-old son of Mrs. Small, was substantially the same as that of his mother.
Mr. Videt R. Polk testified that accompanied by Reverend Boddy Burnett, he was driving eastward on Highway 190, at a speed of about SO miles per hour; and that when he reached the Amite River bridge, and after going a short distance on it, he saw the tail lights of a car on the bridge in front of him. He applied his brakes, and for the first time, he became aware of the slippery surface of the bridge, when his car began to slide on the ice. When Mr. Polk found that he could not stop his vehicle with his brakes, he decided to go between the cars in front of him. He was able to guide his automobile between the cars ahead of him; but while he was maneuvering his car between the stopped cars, Mrs. Small suddenly and without warning, darted from in front of a vehicle on the south side of the bridge, in front of him, and his car struck her.
Reverend Burnett, Mr. Polk’s guest passenger, testified to the same facts with reference to Mr. Polk’s attempt to stop his vehicle with his brakes, and his efforts to maneuver it between stopped cars. He, also, testified that Mrs. Small came from the south side of the bridge, and in front of Mr. Polk’s vehicle when they were about one car length from her, and that Mr. Polk could not avoid striking her.
Mr. Johnnie M. Robinson testified that he is presently self employed, but that at the time of the accident under consideration, he was a trooper with the Louisiana State Police. He was on duty at the time of the accident; and investigated the ac/ cident. He was on duty at that time, and when he arrived at the scene of the accident, it was almost daylight. He said the weather was cold and that a sheet of slippery ice covered the bridge. In fact, he said the bridge was so slippery that he fell down twice after getting out of his automobile at the scene of the accident. However, he said he had crossed the bridge a number of times earlier that morning, but there was no ice on it. He said the road and other bridges in that area had no ice on them. He found the accident had occurred only a short distance east of the East Baton Rouge Parish line in Livingston Parish. A Plymouth automobile owned by William Thomas was located in the south traffic lane. It was facing west, almost parallel to the bridge railing. The Oldsmobile owned by the plaintiffs was in the north east bound traffic lane facing east with the rear portion of the car at a slight angle with the bridge railing on the north. He said there was ample room for an automobile to pass between the two wrecked vehicles.
Mr. Robinson questioned the witnesses to the accident. He said he learned more about how the accident occurred from Ronnie Small, who was then 13 or 14 years old, than from any other person. According to the information that Mr. Robinson obtained, Mrs. Small had turned her Oldsmobile into the south side of the bridge to *864 stop it so that she would not run into preceding vehicles. Mrs. Small then got out of her automobile and went around to the right front to examine the damages. While she was looking at the damage to her vehicle, William Thomas, driving a Plymouth automobile, collided with the rear end of Mrs. Small’s Oldsmobile. The force of the collision propelled it forward and across both east bound traffic lanes of the bridge and against the curb and railing on the north side of the bridge. The Thomas vehicle rotated around so that it stopped facing back west against the south side of the bridge. Mrs. Small started to run across from the south side of the bridge to where her vehicle had come to rest with her son, Ronnie, still in it. While she was attempting to run across to her car, Mr. Polk’s Cadillac automobile struck her and seriously injured her. Mr. Robinson said he obtained the information that Mrs. Small was not in her car when the Thomas car struck it, from Ronnie Small, within an hour after the occurrence of the accident. Although Mr. Robinson was a witness for the plaintiffs, plaintiffs’ counsel questioned him closely as to whether he had not misunderstood Ronnie Small. But Mr. Robinson testified firmly that Ronnie Small had given him the information that he had related.
Mrs. Small testified that she was still in her automobile when it was rear-ended by the Thomas car. She said she got out of her car from the driver’s side and went around to the rear and was struck by Mr. Polk’s Cadillac. She tried to get out of the way but could not. Her testimony on this point was corroborated by that of her son. On the other hand, Mr. Polk and Reverend Burnett testified just as positively that Mrs. Small came from in front of a vehicle on the south side of the bridge into the path of the Cadillac. Mr. Polk’s version and that of his guest passenger that Mrs. Small came from the south side of the bridge is supported by the testimony of Mr. Robinson who received his information from Ronnie Small who had given him the information before he had time to reflect upon it. If Mrs. Small was not in her vehicle, but was inspecting the damage to the right side of her car at the time it was rear-ended by the Thomas vehicle, she was left on the south side of the bridge, when her car was propelled to the north side thereof, with her son, Ronnie, in it. She then had good reason to wish to go from the south side of the bridge to the north side to see about her son. If Mrs. Small and her son were in the Oldsmobile when the Thomas vehicle hit it, there is no reason pointed out why she should desire to rush across from the north side of the bridge to the south side thereof. It appears there was more reason for Mrs. Small to be attempting to go from the south side of the bridge to the north side, than to go from the north side to the south side.
The trial court, in finding that Mr. Polk was not negligent, made the following comments:
"The basic issue for determination by this Court is whether the actions of Mr. Polk, in trying to guide his car between the two vehicles rather than applying his brakes, was so unreasonable as to constitute negligence on his part and the primary cause of this regretful accident. As stated above, the evidence clearly shows that no other bridge in the area was iced and that, in fact, earlier that morning the bridge in question was not iced. There was a similar bridge a little ways north, for westbound traffic that was not iced. It seems that Mr. Polk did indeed come upon a situation for which there was no advance warning. The testimony likewise reflects that there was more than sufficient space between the two cars to allow a third car to pass. In the face of this accumulated evidence, this Court cannot say that Mr. Polk’s actions constituted negligence on his part. There is a strong probability that Polk would have succeeded in passing between the two cars had Mrs. Small not darted out into his path.”
*865 If Mrs. Small had been keeping a proper lookout, and had observed the traffic lanes to the west before she attempted to cross over to the other side of the bridge, she should have seen the Cadillac automobile in time to avoid being hit by it. After taking into consideration all of the evidence, we concur in the finding of the trial court that the accident that resulted in the injuries to Mrs. Small was not due to the negligence of Mr. Polk.
The plaintiff contends that Mr. Polk had the last clear chance to avoid the accident. We find no merit in plaintiff’s contention that Mr. Polk had the last clear chance to avoid the accident. In the case of Lavigne v. Southern Farm Bureau Casualty Insurance Company, La.App., 125 So.2d 430, the court said:
“For the successful invocation of the doctrine of last clear chance, the existence or presence of three essential elements must be established: First, that the other person was in a position of peril of which he was unaware or from which he was unable to extricate himself; second, that the person against whom such doctrine is charged actually discovered or was in a position where he should have and could have discovered such other person’s peril; and, third, that at the time the person charged with responsibility could have, with the exercise of reasonable care, avoided the accident.”
The evidence shows that as Mr. Polk’s car was about to pass the Thomas car, Mrs. Small stepped into the path of the Polk car. The trial judge found that at the time Mr. Polk saw Mrs. Small for the first time, that he was unable to avoid the accident. The evidence shows that at the time Mrs. Small stepped in front of the Polk automobile, Mr. Polk was only about one car length from her. Under the conditions that existed at that time with the bridge coated with ice, Mr. Polk was unable to avoid the collision no matter how alert he may have been. We find that he did not have the last clear chance to avoid the collision.
The only questions involved in this case are questions of fact. It is the settled jurisprudence of this State that in the absence of manifest error, the findings of fact by the trial judge or jury will not be disturbed on appeal. In the case of Reynolds v. Transamerica Insurance Company et al., La.App., 221 So.2d 889, this court said:
“The findings of fact by a Trial Judge or jury’s verdict on fact issues dependent on weight attached to witnesses’ testimony will not be disturbed on appeal, unless clearly wrong on the face of the evidence. Norman v. State, La.App., 69 So.2d 120, reversed on other grounds 227 La. 904, 80 So.2d 858. Here we find substantial competent evidence in support of the verdict of the jury, with which we are fully in accord.”
In this case we find no such error. The evidence amply supports the finding of the trial judge in which we concur.
For the above and foregoing reasons, the judgment appealed from is affirmed.
Affirmed.