REGAN, Judge.
The plaintiffs, Mary Button Conde, individually and as the succession representative of her minor child, Alice E. Conde, Mary Ann Conde Palmisano, and Rosemarie Conde, filed this suit against the defendants, Peter A. Mayer III, Continental Insurance Company of New York, and The Louisiana Department of Highways, endeavoring to recover the aggregate sum of $250,000.00 as damages resulting from the death of Percy L. Conde, the husband and father of the respective plaintiffs, which they allege occurred as the result of the negligence of Mayer in the operation of his motor vehicle and of the Department of Highways in failing to properly construct and maintain that portion of Highway I — 10 in Jefferson Parish, Louisiana, on which Percy Conde was fatally injured.
The defendants, Mayer and Continental Insurance Company, answered the suit and denied the plaintiffs’ accusations of negligence. The Louisiana Highway Department filed a motion for summary judgment *310 in response to the petition, and the claim against it was dismissed prior to trial hereof as of non-suit.
Following a trial on the merits, the lower court rendered judgment in favor of the defendants, dismissing the plaintiffs’ suit at their costs. From that judgment the plaintiffs have prosecuted this appeal.
The .record discloses that on December 22, 1969, at approximately 8:00 p. m., the defendant, Peter A. Mayer III, was driving his station wagon on highway I — 10 in a westerly direction or toward Baton Rouge in Jefferson Parish, Louisiana. He was proceeding in the extreme right-hand lane of this three-lane expressway in anticipation of turning into the next exit, at Clear-view Parkway in Metairie, Louisiana. Moments later the left front side of his automobile struck Percy L. Conde, who was walking across I — 10 and killed him instantaneously.
Conde had apparently experienced mechanical difficulties and therefore drove his vehicle upon the shoulder of the east bound roadway of I — 10. While there were no witnesses to Conde’s actions prior to the accident it can only be presumed that when Conde left his automobile he walked across the three east-bound traffic lanes of I — 10 and entered the safety of the wide dividing neutral area which separates the two roadways of the Interstate Highway. He then departed from this position of safety and walked directly into the path of oncoming vehicles.
The testimony of the independent witnesses at the trial established beyond equivocation that there was no street lighting at the locus of the accident and that the decedent attempted to cross the Interstate Highway wearing dark clothing. Additional testimony established that he walked across the west-bound roadway with his back to the traffic, in a manner indicating that he was unaware of the proximity of the approaching vehicles. This observation by eyewitnesses was in effect confirmed by the testimony of Dr. Charles Wascom, a pathologist employed by the Jefferson Parish Coroner’s office, who testified that the .18% alcohol content found in the decedent’s blood rendered him intoxicated.
There is no question that Conde was guilty of negligence in walking into the path of traffic on a heavily traveled high-speed Interstate Highway at night with dark clothes on while in such an intoxicated condition with his back turned to the approaching traffic.[1]
The courts have consistently rationalized that in general a motorist may assume that the road is safe for traveling, even at night, and he is not charged with the duty of guarding against striking an unexpected or unusual obstruction which he has no reason to anticipate he would encounter on the highway.[2] This rule is especially applicable to the facts hereof, since both the decedent and the defendant knew that the Interstate Highway network is, by definition, a system of multilane, controlled high-speed thruways, which are fenced or otherwise obstructed so that neither men nor animals were intended to cross this thoroughfare, and other vehicles are only entitled to enter and leave therefrom at certain designated entrances and exists.
Negligence, in its final analysis, is not a system of rules, but is instead a matter of flexible standards and degrees to be applied to numerous, unpredictable and *311 changing circumstances in the light of a particular fact situation.
In this case the plaintiffs’ insistence upon the application of the mechanical rule that a driver is negligent for failing to observe that which he could or should have seen is without merit.
The defendant was traveling on an Interstate Highway, which, to reiterate, only for the purpose of emphasis, presupposes that the roadway ahead will be free of pedestrian traffic. The defendant was traveling between 50 and 60 miles an hour in conformity with prevailing traffic conditions and the posted speed limit. Moreover, the best estimate which can be made from evaluating the testimony contained in the record is that no more than two to five seconds elapsed between the time that the decedent emerged from his position of safety on the neutral ground area and the time he was struck. All of these facts combined with the unstated but presupposed fact that the roadway ahead would be free of pedestrian traffic, clearly and unequivocally exculpates the defendant from any hint of negligence.
Finally, even if the defendant had -been guilty of negligence, the plaintiffs’ argument that liability is imposed on the defendant by virtue of the doctrine of last clear chance clearly would have no application in view of the facts hereof.[3]
In order for the doctrine of last clear chance to be applicable, the party invoking it must establish that (1) he was in a position of danger of which he was unaware or from which he was unable to extricate himself, (2) the other party to the litigation actually discovered or should have discovered his position of peril, and (3) the defendant could have avoided the accident with the exercise of reasonable care.[4]
The facts divulged at the trial clearly establish that the defendant did not discover, nor was he in a position where he should have discovered, Conde’s position of peril until he was only a few feet removed from the front of Mayer’s vehicle. Moreover, the defendant’s testimony, as corroborated by the testimony of an independent witness, demonstrates that by attempting to turn his vehicle away from the decedent and by immediately applying his brakes Mayer did everything that he possibly could do in order to avoid the accident after he observed the decedent only seconds before impact. In view of these facts the doctrine of last clear chance has no application whatsoever.[5] The record convinces us that the proximate cause of the decedent’s death was his own negligence.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiffs are to pay all costs incurred herein.
Affirmed.

. Sec Naquin v. Callais, 191 So.2d 885 (La.App.1966); Detornos v. American Employers Insurance Co., 170 So.2d 211 (La.App.1965) and Crosby v. Brown Oil Tools, 92 So.2d 115 (La.App.1957).

. See Detornos v. American Employers Insurance Company, supra; Carona v. Southern Farm Bureau Casualty Ins. Co., 164 So.2d 13S (La.App.1964); and Vowell v. Manufacturer’s Casualty Insurance Co., 229 La. 798, 86 So.2d 909 (1964).

. The last clear chance doctrine cannot be applied in this case since it is of no significance unless both parties are guilty of negligence. Our holding that the defendant was free of negligence makes the last clear chance doctrine inapplicable herein. See St. Amant v. Travelers Insurance Company, 233 So.2d 23 (La.App.3970); Connecticut Fire Ins. Co. v. Illinois Central R. Co., 232 So.2d 736 (La.App.1968).

. See Nelson v. Hirschbach Motor Lines, 239 So.2d 438 (La.App.1970); Gibson v. Vining Oil Company, 236 So.2d 632 (La.App.3970); Anderson v. Janes, 234 So.2d 238 (La.App.1970), and Summers v. Hartford Accident & Indemnity Co., 229 So.2d 742 (La.App.1969).

. See Carona v. Southern Farm Bureau Casualty Ins. Co., supra; Detornos v. American Employers Insurance Company, supra; Rowe v. Hardware Dealers Mutual Fire Ins. Co., 208 So.2d 409 (La.App.1968); and Newton v. Pacillo, 311 So.2d 895 (La.App.1959).